[No. B162625. Second Dist., Div. Eight. Feb. 7, 2003.]

ED McMAHON et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
AMERICAN EQUITY INSURANCE COMPANY et al., Real Parties in
Interest.

**COUNSEL**

Browne & Woods, Allan Browne, Michael J. Olecki, N. Kemba Extavour and Gregory L. Doll for Petitioners.

No appearance for Respondent.

Morrison & Foerster and David B. Babbe for Real Parties in Interest.

OPINION

**COOPER, P. J.**—Absent consent of the parties, does a trial court have authority to shorten the minimum notice period for the hearing of a summary judgment motion? We answer this question in the negative and therefore issue a writ of mandate directing the trial court to vacate an order authorizing parties who move for summary judgment in this action to notice the hearing only 21 days in advance.

### FACTUAL AND PROCEDURAL HISTORY

Ed McMahon and Pamela McMahon filed this action for negligence, insurance bad faith and other claims against a total of 12 defendants. In July 2002, the McMahons moved for trial preference based on Ed McMahon's age and health. On October 15, 2002, a hearing took place on the McMahons' motion, as well as on various demurrers filed by some of the defendants. The trial court took the matters under submission.

On October 21, 2002, the trial court issued an order granting the preference motion and overruling the demurrers. The order set a trial date of April 14, 2003, and established dates and deadlines for various pretrial matters. With respect to summary judgment motions, the order provided as follows: "all motions for summary judgment are to be heard by April 1, 2003 . . . . Moving parties are ordered to provide twenty-one (21) days notice (plus the additional five days if service is by mail) for said motions for summary judgment." The order offered no explanation for the departure from the minimum notice period provided for in the summary judgment statute, Code of Civil Procedure section 437c.[1]

On November 1, 2002, the McMahons filed an ex parte application seeking to modify that aspect of the court's order requiring only 21 days' notice for the hearing of summary judgment motions. The McMahons argued that a court has no authority to shorten the notice period provided for in subdivision (a). The court denied the application.

On November 5, 2002, the McMahons filed a petition for writ of mandate, challenging the shortened notice period for the hearing of summary judgment motions. We notified the parties of our intention to issue a peremptory

---

[1]Code of Civil Procedure section 437c, subdivision (a), provides in pertinent part: "Notice of the [summary judgment] motion and supporting papers shall be served on all other parties to the action at least . . . 75 days before the time appointed for hearing." When the court made the ruling at issue in this writ proceeding, the statute provided for a minimum 28-day notice period. In this opinion, we shall refer to the current version of the statute.

All undesignated statutory references are to the Code of Civil Procedure and all references to statutory subdivisions are to the subdivisions of section 437c.

writ of mandate in the first instance directing the trial court to vacate that portion of its October 21, 2002 requiring parties to give only 21 days' advance notice for a summary judgment hearing. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) We also invited plenary opposition to the petition from real parties in interest. We received a single opposition from American Equity Insurance Company, The Travelers Indemnity Company, Travelers Property Casualty Insurance Company and Travelers Insurance Group Holdings, Inc. (collectively the insurance defendants), and a reply to the opposition from the McMahons.

## DISCUSSION

In their opposition, the insurance defendants argue that "trial courts have inherent authority to control the course of litigation before them, including calendar and docket management." That may be true, but it does not address the question whether, given the express language of subdivision (a), a court may shorten the notice period provided for in that subdivision.

Subdivision (a) provides in pertinent part: "The [summary judgment] motion may be made at any time after 60 days have elapsed since the general appearance in the action or proceeding of each party against whom the motion is directed *or at any earlier time after the general appearance that the court, with or without notice and upon good cause shown, may direct*. Notice of the motion and supporting papers shall be served on all other parties to the action at least . . . 75 days before the time appointed for hearing. . . . The motion shall be heard no later than 30 days before the date of trial, *unless the court for good cause orders otherwise*." (Italics added.) This subdivision contains three minimum time requirements. However, the subdivision gives trial courts discretion to shorten only two of these time periods—the 60 days that must have elapsed since the general appearance of a party against whom the motion is directed before a summary judgment motion can be filed, and the minimum 30 days before trial when a summary judgment motion can be heard. The subdivision does not contain any language authorizing courts to shorten the 75-day notice period. " ' " ' 'It is a well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.' " ' " (*People v. Bland* (2002) 28 Cal.4th 313, 337 [121 Cal.Rptr.2d 546, 48 P.3d 1107], accord, 2A Singer, Sutherland Statutes and Statutory Construction (6th ed. 2000) § 46:06, p. 194; see also *Schlick v. Superior Court* (1992) 4 Cal.4th 310, 315 [14 Cal.Rptr.2d 406, 841 P.2d 926] ["The Legislature in subdivision (j) [of Penal Code section 1538.5] made it explicit that suppression rulings by a magistrate *at the preliminary hearing*

could be relitigated following a dismissal and the filing of a new complaint. The Legislature's failure to include a similar provision qualifying the broad language of [Penal Code] section 1538.5, subdivision (d) as applied to suppression rulings by the superior court leads us to conclude the omission was deliberate, and reflects an intention to bar relitigation of those rulings."].)[2]

■ Our conclusion finds support in two Court of Appeal decisions. In *Sierra Craft, Inc. v. Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252 [75 Cal.Rptr.2d 681], the court held that a local rule authorizing trial courts to grant summary judgment/adjudication in favor of a nonmoving party that opposed such a motion was invalid because it was inconsistent with the procedural requirements contained in section 437c, including the requirement in effect at the time that a motion be filed at least 28 days before the hearing.

And more recently, Division Three of the Fourth Appellate District held that, where a party filed a joinder to a summary judgment motion only 22 days before the summary judgment hearing, the joinder was untimely. (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 636, 637 [115 Cal.Rptr.2d 780].)

The insurance defendants claim that construing subdivision (a) as barring courts from shortening the notice period for the hearing of summary judgment motions violates the separation of powers doctrine because it infringes on a court's "inherent authority to manage its calendar and control proceedings before it." While we agree that courts have inherent authority to manage their calendars and control proceedings before them, we reject the contention that our construction of subdivision (a) violates the separation of powers doctrine.

■ Article III, section 3 of the California Constitution provides: "The powers of State government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." Although this language "may suggest a sharp demarcation between the operations of the three branches of government, California decisions long have recognized that, in reality, the

---

[2]The Legislature's decision not to give trial courts discretion to shorten the notice period for summary judgment motions should be contrasted with the authority granted trial courts to shorten the notice period for a host of other motions under section 1005, subdivision (b). (See *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 26 [10 Cal.Rptr.2d 183, 832 P.2d 899] [" ' " 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed.' " [Citation.]' " (ellipses in original)].)

separation of powers doctrine ' "does not mean that the three departments of our government are not in many respects mutually dependent" ' [citation], or that the actions of one branch may not significantly affect those of another branch." (*Superior Court v. County of Mendocino* (1996) 13 Cal.4th 45, 52 [51 Cal.Rptr.2d 837, 913 P.2d 1046].)

"Accordingly, the activities of one branch of government are not immune from regulation or oversight by another branch. [Citation.] One branch may take actions that significantly affect another branch. [Citations.] The Legislature routinely 'enacts statutes that govern the procedures and evidentiary rules applicable in judicial and executive proceedings.' [Citation.] Indeed, one need only peruse the Code of Civil Procedure to be reminded that numerous statutes govern the procedures litigants must follow in the courts of this state. The Legislature does not necessarily. violate the separation of powers doctrine even by legislating with regard to 'inherent judicial power[s] or function[s].' [Citation.] The California Supreme Court has 'regularly approved legislation affecting matters over which the judiciary has inherent power and control.' " (*Case v. Lazben Financial Co.* (2002) 99 Cal.App.4th 172, 184 [121 Cal.Rptr.2d 405].) "As long as such [legislative] enactments do not ' "defeat" or "materially impair" ' the constitutional functions of the courts, a 'reasonable' degree of regulation is allowed." (*People v. Bunn* (2002) 27 Cal.4th 1, 16 [115 Cal.Rptr.2d 192, 37 P.3d 380].)

While courts have inherent authority to manage their calendars and control proceedings before them (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203]; *In re Clark* (1993) 5 Cal.4th 750, 771 [21 Cal.Rptr.2d 509, 855 P.2d 729]; *Walker v. Superior Court* (1991) 53 Cal.3d 257, 266-267 [279 Cal.Rptr. 576, 807 P.2d 418]), the insurance defendants do not explain, and we fail to see, how a statute precluding courts from shortening the notice period for the hearing of summary judgment motions defeats or materially impairs this authority. Indeed, legislation that places far greater restrictions on a court's ability to control its calendar has been approved. (E.g., *Superior Court v. County of Mendocino, supra,* 13 Cal.4th 45 [statute authorizing a county, under specified circumstances, to designate "unpaid furlough days" on which the trial courts of the county generally "shall not be in session" does not violate separation of powers doctrine]; *Peters v. Superior Court* (1989) 212 Cal.App.3d 218, 224-225 [260 Cal.Rptr. 426] [§ 36, subd. (b)'s mandatory preference for actions brought by persons under 14 years of age does not violate separation of powers doctrine]; *Rice v. Superior Court* (1982) 136 Cal.App.3d 81, 89-94 [185 Cal.Rptr. 853] [same holding regarding § 36, subd. (a)'s preference for actions brought by persons over the age of 70].)

Because it is potentially case dispositive and usually requires considerable time and effort to prepare, a summary judgment motion is perhaps the most

important pretrial motion in a civil case. Therefore, the Legislature was entitled to conclude that parties should be afforded a minimum notice period for the hearing of summary judgment motions so that they have sufficient time to assemble the relevant evidence and prepare an adequate opposition.

In sum, we hold that, in light of the express statutory language, trial courts do not have authority to shorten the minimum notice period for summary judgment hearings.

## DISPOSITION

The petition for writ of mandate is granted. The trial court is directed to vacate that portion of its order of October 21, 2002, authorizing parties who move for summary judgment to notice the hearing only 21 days in advance. Petitioners are entitled to recover their costs in this writ proceeding. (Cal. Rules of Court, rule 56.4.) This opinion is final forthwith. (Cal. Rules of Court, rule 24(b)(3).)

Rubin, J., and Boland, J., concurred.