[No. B160176. Second Dist., Div. Seven. July 14, 2004.]

SYDNEY URSHAN, Cross-complainant, Cross-defendant and Appellant, v. MUSICIANS' CREDIT UNION, Cross-defendant, Cross-complainant and Respondent.

COUNSEL

Sydney Urshan, in pro. per., for Cross-complainant, Cross-defendant and Appellant.

Winn and Sims and Michael L. Murphy for Cross-defendant, Cross-complainant and Respondent.

OPINION

**JOHNSON, J.**—In this case we hold the trial court did not have authority to shorten the minimum notice period for hearing a motion for summary judgment in the absence of the parties' consent. Accordingly, we reverse the summary judgment and remand for further proceedings.

### FACTS AND PROCEEDINGS BELOW

In 1995 appellant, Sydney Urshan, received a loan for $30,000 from respondent Musicians' Credit Union (Musicians). Urshan provided his 1952

classic Bentley as security for the loan. The loan agreement required 48 monthly payments of approximately $800, beginning in November 1995. In August 1997 Urshan defaulted on the loan. The loan account had an outstanding balance of over $29,000.

Urshan also had a credit card account through Musicians. When he stopped making payments Urshan's credit card account had a balance of nearly $8,000.

Urshan did not respond to Musicians', or its lawyers', written demands for payment. Musicians wrote the amounts off as bad debts and in April 1999 assigned Urshan's loan and credit card account balances to a collection agency.

In October 1999 Lori Ross, doing business as, Commercial Collection Services of America, filed suit against Urshan through counsel, Thomas L. Cohen.

On February 4, 2000, Urshan filed a cross-complaint against Musicians, Lori Ross, Lori Ross, doing business as, Commercial Collection Services of America, Thomas Lawrence Cohen, Thomas L. Cohen, doing business as, Commercial Collection Services of America, Law Offices of Thomas L. Cohen and Thomas Cohen & Associates, and others.

On February 14, 2000, Commercial Collection Services of America reassigned the right to collect Urshan's accounts to Musicians. Thereafter, on May 2, 2000, Musicians filed a cross-complaint against Urshan to collect the balances due on his delinquent bank loan and credit card account.

On February 20, 2001, the court sustained demurrers without leave to amend to Urshan's second amended cross-complaint and dismissed Lori Ross, Lori Ross, doing business as, Commercial Collection Services of America, Thomas Lawrence Cohen, Thomas L. Cohen, doing business as, Commercial Collection Services of America, Law Offices of Thomas L. Cohen and Thomas Cohen & Associates, from the action.

Once dismissed as a defendant in Urshan's cross-complaint, and having previously reassigned all causes of action against Urshan to Musicians, Lori Ross, doing business as, Commercial Collection Services of America, dismissed her original complaint against Urshan with prejudice on March 12, 2001.

On August 8, 2001, Musicians served notice it sought an order for a writ of possession of Urshan's Bentley, the collateral securing the loan. The date set

for a hearing on Musicians' request was September 11, 2001. Urshan filed no opposition. On September 11, 2001, the courts were closed due to the terrorists' attacks. Musicians provided notice of the continued hearing date of September 17. Urshan apparently did not receive notice of the continued hearing date until the date of the hearing and did not appear. The court granted Musicians' request for a writ of possession. Musicians recovered the car on November 5, 2001.

The date set for trial was November 26, 2001. Despite numerous attempts the parties did not reach a settlement agreement. On September 27, 2001, the last day before the discovery cutoff date, Urshan served Musicians with a demand for production of documents, form interrogatories and special interrogatories. Musicians responded to Urshan's requests, providing most of the information he sought.

On November 5, 2001, Urshan filed ex parte motions to compel Musicians to provide further discovery responses. The court deferred ruling on Urshan's motion until the final status conference.

The court held the final status conference on November 16, 2001. At the hearing the court denied Urshan's motions to compel as untimely and because he had made insufficient efforts to "meet and confer" before filing the motions to compel. The court deferred ruling on Urshan's motion to quash the writ of possession until trial. The court also deferred ruling until trial on Urshan's motion to dismiss on the ground res judicata barred Musicians' action. Urshan had argued Commercial Collection Services of America's dismissal of its complaint with prejudice had sufficient res judicata effect to preclude litigation of the identical causes of action raised in Musicians' cross-complaint.

Trial was set for a bench trial. However, just before the final status conference Urshan secured a jury fee waiver and he requested a jury trial. Musicians pointed out all remaining issues in the case were legal questions for the court to resolve. Musicians' counsel concluded his argument by observing, "So I just don't see where this case rises to the level where there are any issues to be tried by a jury." In response the court stated, "Why don't you file a motion for summary judgment?" Musicians' counsel agreed such a motion would be appropriate. However, counsel pointed out fewer than 28 days remained before the scheduled trial date. (In fact, only 10 days remained.) The court replied, "Well, I think, to clear this up, I would shorten time. I don't think it makes sense to call a jury up where the issues may be all legal."

The court asked Musicians whether it wished the court to issue an order shortening time to permit it to file a motion for summary judgment. Musicians thanked the court in response to its suggestion. The court did not solicit Urshan's views on the subject, and did not obtain his consent to shorten the notice period for Musicians to file a motion for summary judgment. The court then set a briefing schedule as follows: Musicians had to file its motion for summary judgment three days later on the next court day, or November 19, 2001, and Urshan had to file his opposition two days later on November 21, 2001, by 10:00 a.m. The court set the hearing on the motion for summary judgment for the scheduled trial date of November 26, 2001.

On November 26, 2001, the court reviewed Musicians' motion and Urshan's opposition and heard oral argument. The court concluded there were no triable issues of material fact warranting a trial. Accordingly, the court granted Musicians' motion for summary judgment. The court awarded Musicians damages of approximately $44,000 plus costs and attorney fees, to be reduced by the proceeds from sale of the Bentley. Final judgment entered February 2002, which including fees and costs, was for a total amount of over $70,000.

Urshan appeals from the judgment.

## DISCUSSION

### I. *THE COURT LACKED AUTHORITY TO SHORTEN TIME FOR NOTICE OF THE SUMMARY JUDGMENT HEARING.*

Urshan challenges numerous aspects of the trial court proceedings in this case. However, we find dispositive Urshan's argument the trial court abused its discretion by shortening time to permit Musicians to file, and to hear, a motion for summary judgment. Urshan urges this is especially so because the trial court did so even after Musicians alerted the court insufficient days remained before trial to satisfy the then statutory requirement of a minimum of 28 days' notice.

In 2001 Code of Civil Procedure section 437c, subdivision (a) provided: "Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding. *The motion may be made at any time after 60 days have elapsed* since the general appearance in the action or proceeding of each party against whom the motion is directed *or at any earlier time after the general appearance that the court, with or without notice and upon good cause shown, may direct.* Notice of the motion and supporting papers *shall* be served on all other parties to the action at least 28 days [now 75] before the

time appointed for the hearing. However, if the notice is served by mail, the *required* 28-day period of notice shall be increased by five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States, and if the notice is served by facsimile transmission, Express Mail, or another method of delivery providing for overnight delivery, the *required* 28-day period of notice shall be increased by two court days. *The motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise.* The filing of the motion shall not extend the time within which a party must otherwise file a responsive pleading."[1]

■ As the statutory language indicates, a trial court has discretion to shorten the initial 60-day period to bring a motion for summary judgment on a showing of good cause. Similarly, a trial court has discretion to shorten the 30-day period in which a motion for summary judgment must be heard before trial where circumstances warrant. However, the Legislature did not similarly authorize a trial court to shorten the minimum notice period for hearings on summary judgment motions. Such discretionary language is notably absent from the statute. Moreover, the statutory language regarding minimum notice is mandatory, not directive. This section of the statute states, "Notice of the motion and supporting papers *shall* be served on all other parties to the action *at least* 28 days [now 75] before the time appointed for hearing"[2] and twice thereafter refers to the 28-day period of notice as being "required."

After the summary judgment in this case, our colleagues in Division Eight considered the question in *McMahon v. Superior Court*[3] whether a trial court has authority to shorten the minimum notice period for the hearing of a summary judgment motion absent consent of the parties. The court concluded a trial court has no such authority and issued a writ of mandate directing the trial court to vacate an order requiring only 21 days' notice for the hearing of summary judgment motions.[4]

The *McMahon* court found the absence of discretionary language authorizing a trial court to shorten the notice period when the Legislature had provided it in other portions of the statute indicated such discretion should

---

[1] Italics added. Under the current and 2001 version of the statute an opposition to a motion for summary judgment must be "served and filed not less than 14 days preceding the noticed or continued date of hearing, unless the court for good cause orders otherwise. . . ." (Code Civ. Proc., § 437c, subd. (b), now (b)(2).)

[2] Code of Civil Procedure, section 437c, subdivision (a).

[3] *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112 [130 Cal.Rptr.2d 407].

[4] *McMahon v. Superior Court, supra,* 106 Cal.App.4th 112, 118.

not be implied.[5] The court also found support for its conclusion in two appellate decisions. In *Frazee v. Seely*[6] the court held a notice of joinder in codefendants' motion for summary judgment was procedurally defective, for among other reasons, because the notice was filed only 22 days before the hearing, and short of the statutorily required minimum 28 days.[7] In *Sierra Craft, Inc. v. Magnum Enterprises, Inc.*[8] the appellate court found a local rule permitting a trial court to grant summary judgment in favor of a nonmoving party invalid because it was inconsistent with the procedural requirements of Code of Civil Procedure section 437c, including the minimum notice period for the hearing.

Finally, the *McMahon* court observed, "Because it is potentially case dispositive and usually requires considerable time and effort to prepare, a summary judgment motion is perhaps the most important pretrial motion in a civil case. Therefore, the Legislature was entitled to conclude that parties should be afforded a minimum notice period for the hearing of summary judgment motions so that they have sufficient time to assemble the relevant evidence and prepare an adequate opposition."[9] Accordingly, the *McMahon* court held, "in light of the express statutory language, trial courts do not have authority to shorten the minimum notice period for summary judgment hearings."[10]

In the present case the court's briefing schedule provided less than 10 days' total notice before the hearing—far short of the then required minimum 28 days. Each side had less than two days to prepare a motion or opposition. Not only was this shortened time period violative of the statute, notice and opportunity to prepare to be heard was so minimal the procedure was tantamount to a denial of due process.[11] In other words, what occurred in the present case bordered on granting the motion for summary judgment sua

---

[5] *McMahon v. Superior Court, supra,* 106 Cal.App.4th 112, 115.

The *McMahon* court also contrasted the Legislature's decision not to grant trial courts discretion to shorten the notice period for hearings on summary judgment motions with the authority granted trial courts in Code of Civil Procedure section 1005 to shorten the notice period for numerous other types of motions, expressly excluding motions where notice periods are specified by law, which includes those for summary judgment. (Code Civ. Proc, § 1005, subd. (b).)

[6] *Frazee v. Seely* (2002) 95 Cal.App.4th 627 [115 Cal.Rptr.2d 780].

[7] *Frazee v. Seely, supra,* 95 Cal.App.4th 627, 637.

[8] *Sierra Craft, Inc. v. Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252 [75 Cal.Rptr.2d 681].

[9] *McMahon v. Superior Court, supra,* 106 Cal.App.4th 112, 117–118.

[10] *McMahon v. Superior Court, supra,* 106 Cal.App.4th 112, 118.

[11] Compare, *Weiss v. Chevron, U.S.A., Inc.* (1988) 204 Cal.App.3d 1094, 1098 [251 Cal.Rptr. 727] (in reviewing a motion for summary judgment the trial court may consider even late filed papers, *provided* the opposing party has had notice and an opportunity to respond).

sponte, which undisputedly would have deprived the opponent of a fair trial.[12]

Although counsel for Musicians knew this shortened notice period did not comply with the minimum statutorily required notice, the court repeatedly offered to shorten time and solicited Musicians' consent to the unorthodox procedure. The court, however, did not request Urshan's input. More importantly, the court did not seek Urshan's consent to shorten the mandatory minimum notice period, this despite the fact Urshan was not represented by counsel.

Urshan brought this appeal in part to challenge the court's shortened briefing schedule and points out such "fast tracking" is generally only seen in fantasy television series such as *Ally McBeal*. He claims in reality it was virtually impossible within such a tight timeframe to prepare an adequate opposition to what turned out to be a case-dispositive motion.

■ We agree only two days to prepare a summary judgment motion or an opposition is a woefully inadequate period of time to prepare and present what may well turn out to be the most important series of documents in the entire case. The Legislature recognized this reality of litigation and by its use of mandatory language deprived a trial court of the authority to shorten the notice period for hearing summary judgment motions.[13] Accordingly, the judgment must be reversed for failure to provide the statutorily required minimum notice of the hearing.

## II.  *MUSICIANS' ARGUMENTS IN SUPPORT OF THE JUDGMENT ARE WITHOUT MERIT.*

Musicians attempts to defend the court's actions. First, Musicians argues calling the procedure the court employed a "motion for summary judgment" was a misnomer—and just an "unfortunate" choice of language. Musicians' argument is not persuasive. The court suggested a "motion for summary judgment." Musicians filed a "motion for summary judgment." It filed the required separate statement of undisputed facts pursuant to Code of Civil

---

[12] See, e.g., *Dvorin v. Appellate Department* (1975) 15 Cal.3d 648, 651 [125 Cal.Rptr. 771, 542 P.2d 1363] ("Absent a motion, ordering summary judgment denies the opposite party opportunity to allege additional facts justifying trial of factual issues. Depriving him of his right to a fair trial, the procedure falls outside the curative provisions of California Constitution, article VI, section 13."); *Denney v. Universal City Studios, Inc.* (1992) 10 Cal.App.4th 1226, 1232 [13 Cal.Rptr.2d 170] (spontaneously granted summary judgment had to be reversed as it exceeded the court's jurisdiction).

[13] See 6 Witkin, California Procedure (2004 supp.) Proceedings Without Trial, section 192, page 145 ["Given the express language of C.C.P. 437c(a) and absent the consent of the parties, a trial court may not shorten the minimum notice period."].

Procedure section 437c, submitted affidavits, and prepared a memorandum of points and authorities to persuade the court there was no triable issue of material fact requiring a trial and for this reason it was entitled to a "summary judgment" as a matter of law. The minute order for the day states the court granted Musicians' motion for "summary judgment." The formal judgment entered by the court states the court granted "summary judgment" in favor of Musicians on the ground there were no triable issues of material fact and no viable defense to the action—language applicable to motions for summary judgment. In short, on this record there is no doubt the procedure employed in this case was a motion for summary judgment. Moreover, we note, Musicians does not suggest what other type of motion or procedure it could have been which could have resulted in a judgment in its favor. Accordingly, we find Musicians' argument is not well taken.

■ Next, Musicians points out a trial court has inherent power to control its calendar and the proceedings before it. Musicians argues a court in the exercise of its inherent power has the discretion to require parties to an action to brief issues to be tried in order to identify and narrow the legal issues for trial. This is certainly true as a general matter. However, this is not what occurred in the case at bar. Moreover, a trial court's inherent power does not provide authority for a trial court to shorten minimum time periods when specified as mandatory by the Legislature.[14] " 'A trial court does not have inherent or unrestricted power to extend or shorten the time specified by the Legislature in which an act in a civil action must be done. Rather, the court has such power only to the extent granted by the Legislature. The Legislature has given trial courts broad authority to extend the time in [] which an act must be done. . . . [¶] The Legislature has not granted such sweeping authority to the courts to shorten time. However, the Legislature has included specific authorizations to shorten time, or to alter time limits, in a number of individual sections which contain time limits [including section 1005] . . . .' "[15]

As previously explained, the express mandatory language of Code of Civil Procedure section 437c, subdivision (a) makes clear the Legislature intended to deprive trial courts of the power to shorten the notice period for hearing summary judgment motions.

Finally, Musicians contends Urshan waived the error by failing to object to the shortened notice period, by failing to request a continuance, and by managing to submit an opposition to the summary judgment motion within

---

[14] *McMahon v. Superior Court, supra*, 106 Cal.App.4th 112, 117.

[15] *Eliceche v. Federal Land Bank Assn.* (2002) 103 Cal.App.4th 1349, 1362 [128 Cal.Rptr.2d 200], quoting *Karamzai v. Digitcom* (1996) 51 Cal.App.4th 547, 550 [59 Cal.Rptr.2d 139].

the court's prescribed time period. Citing *Carlton v. Quint*,[16] Musicians asserts a party may waive defective notice by various means, including filing an opposition to the original motion, appearing and arguing at the hearing on the appealed matter, failing to request a continuance and failing to identify prejudice arising from the lack of notice.

This may be true as a general matter, but in *Quint* itself, the issue of waiver was not determinative because the court found, as a matter of fact, the opposing party received the then statutorily required 28 days' notice of the summary judgment hearing.[17]

Moreover, the present case does not involve an alleged defect with the movant's service of notice, as was the case in *Quint*. It instead involves an unauthorized order by the trial court shortening time to notice the summary judgment hearing. Indeed, Urshan's participation in the proceedings was the direct result of the court's repeatedly expressed desire to avoid a trial and to resolve the case through a motion for summary judgment by the scheduled trial date. Because the court was so insistent on hearing the motion before the scheduled trial date, Urshan's objections would have been futile.

In any event, waiver of the right to the statutorily mandated minimum notice period for summary judgment hearings should not be inferred from silence. Waiver of minimum notice in this context should only be based on the affirmative assent of the affected parties. As earlier noted, the court did not solicit, and did not secure, Urshan's consent to the shortened notice period.[18] His silence and, in essence, forced participation in the proceedings given the factual circumstances of this case, is not a valid substitute for knowing consent to shortening the statutorily mandated notice period.

In sum, the statutory language and existing case law lead us to the conclusion a trial court does not have authority to shorten the minimum notice period for summary judgment hearings absent the express consent of the parties.[19] Because such consent was lacking in this case, the judgment must be reversed.

---

[16] *Carlton v. Quint* (2000) 77 Cal.App.4th 690, 696–697 [91 Cal.Rptr.2d 844].

[17] *Carlton v. Quint, supra,* 77 Cal.App.4th 690, 696.

[18] *McMahon v. Superior Court, supra,* 106 Cal.App.4th 112, 118.

[19] In light of our conclusion the summary judgment must be reversed for failure to comply with the mandatory minimum notice period for hearing summary judgment motions, we need not reach Urshan's other arguments regarding the merits of the judgment.

## DISPOSITION

The summary judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this decision. Costs on appeal, if any, are awarded to appellant.

Perluss, P. J., and Zelon, J., concurred.