[No. B200145. Second Dist., Div. One. Dec. 4, 2008.]

TERRY ROBINSON et al., Plaintiffs and Appellants, v.
AARON WOODS et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Eric Ibisi and Eric Ibisi for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

**OPINION**

**MALLANO, P. J.**—Defendants moved for summary judgment, noticing the hearing for less than the statutorily required period and setting the hearing within 30 days of the trial date absent prior court approval. Plaintiffs filed opposition papers raising these errors but did not address the motion on the merits.

At the noticed hearing, the trial court continued the hearing for four days, directed defendants to file papers showing good cause for entertaining the motion within 30 days of trial, and gave plaintiffs an opportunity to file opposition papers on the merits, which plaintiffs ultimately chose not to do. Plaintiffs' counsel objected to this procedure and moved to dismiss the motion. The trial court denied the motion to dismiss.

At the hearing four days later, the trial court ruled that defendants had shown good cause to have the summary judgment motion heard within 30 days of trial. Commenting that plaintiffs had not filed an opposition on the merits, the trial court proceeded to discuss the arguments raised in the motion and granted it. Plaintiffs appealed.

We conclude that the trial court abused its discretion by continuing the noticed hearing for only four days instead of the 75-day statutorily required period. In addition, the trial court erred when, after deciding at the continued hearing that defendants had made the requisite showing of good cause, it then proceeded to rule on the summary judgment motion. Accordingly, we reverse.

# I

## BACKGROUND

On November 16, 2004, plaintiffs Terry Robinson and Stephanie Hammonds (plaintiffs) filed this action against Aaron Woods and Woodland Properties, LLC (defendants), seeking to quiet title to real property. Amended complaints followed. Defendants filed an answer. A trial date of April 30, 2007, was set.

On January 26, 2007, defendants served plaintiffs with a motion for summary judgment, mailing it to an office in California. The motion was noticed for hearing on April 12, 2007—76 days after the date of mailing and 18 days before trial.

On March 22, 2007, plaintiffs filed their opposition papers, arguing that the motion was untimely on two grounds. First, the hearing had to be set at least 80 days after service by mail—the standard 75 days plus five days if mailed to a location in California. (See Code Civ. Proc., § 437c, subd. (a); further statutory references are to that code.) Second, the motion had to be heard no later than 30 days before the trial date unless the trial court ruled otherwise for "good cause" (*ibid.*); defendants had not sought such a ruling, nor had the court made one. The opposition papers did not address the merits of the summary judgment motion. Plaintiffs did not file a separate statement of undisputed and disputed facts. (See § 437c, subd. (b)(3).)

At the hearing on Thursday, April 12, 2007, the trial court faulted defendants for (1) failing to serve the mailed motion at least 80 days before the hearing, (2) scheduling the hearing "within 30 days of trial . . . [where] there has been no showing of good cause," and (3) exceeding the 20-page limit on a memorandum of points and authorities without leave of court (see Cal. Rules of Court, rule 3.1113(d), (e)). The trial court further stated that

plaintiffs had not filed a separate statement, "so I have imperfection on both sides, and I have procedure problems on both sides."

In an attempt to resolve these issues, the trial court (1) continued the hearing for four days, to Monday, April 16, 2007—the 80th day after the mailing of the motion; (2) advised defendants to file a declaration setting forth the reasons why the motion should be heard within 30 days of trial; (3) "waived" the 20-page limit on defendants' memorandum of points and authorities; and (4) invited plaintiffs to file a separate statement. Counsel for plaintiffs responded that the motion should be dismissed, not continued, and that plaintiffs were under no obligation to file a separate statement. The trial court denied the request to dismiss the motion.

At the hearing on Monday, April 16, 2007, the trial court stated that it had received a declaration from defendants by facsimile late Friday, April 13, 2007, and that, having read the declaration "this morning," the court "finds good cause for the motion being brought within 30 days of trial." The court commented that, although plaintiffs had filed an opposition on March 22, 2007, "it contains no arguments that rebut the substance of defendants' motion." The court discussed the arguments presented in the motion, concluding that "plaintiffs have failed to meet their burden on rebuttal, and the motion must be granted." Plaintiffs' counsel again objected to the procedure adopted by the trial court, saying he should have had more than "just four days . . . to file my response." The court's minute order, dated April 16, 2007, analyzed the motion on the merits and noted that plaintiffs did not file a separate statement notwithstanding the court's invitation to do so. Judgment for defendants was duly entered. Plaintiffs appealed.

## II

## DISCUSSION

We review the trial court's rulings on the notice issues for an abuse of discretion. (See *Tilley v. CZ Master Assn.* (2005) 131 Cal.App.4th 464, 469, 490–491 [32 Cal.Rptr.3d 151]; *Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 711–712 [15 Cal.Rptr.3d 609]; *Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 100–101 [20 Cal.Rptr.3d 1]; *Urshan v. Musicians' Credit Union* (2004) 120 Cal.App.4th 758, 763 [15 Cal.Rptr.3d 839] (*Urshan*).)

The summary judgment statute provides that "[n]otice of the motion and supporting papers *shall* be served on all other parties to the action at least 75 days before the time appointed for hearing. However, if the notice is served by mail, the required 75-day period of notice *shall* be increased by five days if the place of address is within the State of California . . . . The motion *shall*

be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise. . . ." (§ 437c, subd. (a), italics added.)

The importance of providing the minimum statutory notice of a summary judgment hearing cannot be overemphasized. In *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112 [130 Cal.Rptr.2d 407] (*McMahon*), the trial court issued an order permitting the moving parties to notice a summary judgment hearing on 21 days' notice despite the statutorily required notice—28 days at the time. (See *id.* at pp. 114–115 & fn. 1.) The parties opposing the motion filed a petition for a writ of mandate with the Court of Appeal. In granting the petition, the court stated: "While [trial] courts have inherent authority to manage their calendars and control proceedings before them . . . , the [moving parties] do not explain, and we fail to see, how a statute precluding [trial] courts from shortening the notice period for the hearing of summary judgment motions defeats or materially impairs this authority. . . .

"Because it is potentially case dispositive and usually requires considerable time and effort to prepare, a summary judgment motion is perhaps the most important pretrial motion in a civil case. Therefore, the Legislature was entitled to conclude that parties should be afforded a minimum notice period for the hearing of summary judgment motions so that they have sufficient time to assemble the relevant evidence and prepare an adequate opposition.

■ " . . . [W]e hold that, in light of the express statutory language, trial courts do not have authority to shorten the minimum notice period for summary judgment hearings." (*McMahon, supra,* 106 Cal.App.4th at pp. 117–118, citations omitted.)

■ Similarly, in *Urshan, supra,* 120 Cal.App.4th 758, the Court of Appeal held that a trial court cannot shorten the minimum statutorily required notice without the parties' consent (*id.* at p. 760). There, the trial was set for November 26, 2001, and counsel attended a final status conference on November 16, 2001. The hearing on a summary judgment motion required at least 28 days' notice under the statute then in effect. (*Id.* at pp. 763–764, quoting former § 437c, subd. (a).) The complaint had previously been dismissed, leaving only a cross-complaint for trial.

At the status conference, counsel for the cross-complainant noted that the disputed issues remaining for trial consisted of legal questions. The trial court suggested that a summary judgment motion might be appropriate. With the consent of the cross-complainant, the trial court shortened the notice period from 28 to 10 days. The court did not solicit the cross-defendant's views on the subject and did not obtain his consent to the shortened notice. The court ordered the cross-complainant to file a summary judgment motion in three

days and the cross-defendant to file opposition papers two days later, with the hearing set for the trial date. The parties did as instructed. At the scheduled hearing, the trial court granted summary judgment.

On appeal, the cross-defendant argued that the shortened notice was invalid. The Court of Appeal agreed, relying in part on *McMahon*. (See *Urshan, supra,* 120 Cal.App.4th at pp. 764–765.) The court further explained: "In the present case the court's briefing schedule provided . . . 10 days' total notice before the hearing—far short of the then required minimum 28 days. Each side had less than [four] days to prepare a motion or opposition. Not only was this shortened time period violative of the statute, [but] notice and opportunity to prepare to be heard were so minimal the procedure was tantamount to a denial of due process. In other words, what occurred in the present case bordered on granting the motion for summary judgment sua sponte, which undisputedly would have deprived the opponent of a fair trial.

"Although counsel for [the cross-complainant] knew this shortened notice period did not comply with the minimum statutorily required notice, the court repeatedly offered to shorten time and solicited [the cross-complainant's] consent to the unorthodox procedure. The court, however, did not request [the cross-defendant's] input. More importantly, the court did not seek [his] consent to shorten the mandatory minimum notice period . . . .

"[The cross-defendant] brought this appeal in part to challenge the court's shortened briefing schedule and points out such 'fast tracking' is generally only seen in fantasy television series . . . . He claims in reality it was virtually impossible within such a tight timeframe to prepare an adequate opposition to what turned out to be a case-dispositive motion.

"We agree only two days to prepare a summary judgment motion or an opposition is a woefully inadequate period of time to prepare and present what may well turn out to be the most important series of documents in the entire case. The Legislature recognized this reality of litigation and by its use of mandatory language deprived a trial court of the authority to shorten the notice period for hearing summary judgment motions. Accordingly, the judgment must be reversed for failure to provide the statutorily required minimum notice of the hearing." (*Urshan, supra,* 120 Cal.App.4th at pp. 765–766, fns. omitted.)

The *Urshan* court also addressed the issue of waiver, stating: "[The cross-complainant] contends [the cross-defendant] waived the error by failing to object to the shortened notice period, by failing to request a continuance, and by managing to submit an opposition to the summary judgment motion within the court's prescribed time period. Citing *Carlton v. Quint* [(2000) 77

Cal.App.4th 690 at pp. 696–697 [91 Cal.Rptr.2d 844]], [the cross-complainant] asserts a party may waive defective notice by various means, including filing an opposition to the original motion, appearing and arguing at the hearing on the appealed matter, failing to request a continuance and failing to identify prejudice arising from the lack of notice.

"This may be true as a general matter, but in *Quint* itself, the issue of waiver was not determinative because the court found, as a matter of fact, the opposing party received the then statutorily required 28 days' notice of the summary judgment hearing.

"Moreover, the present case does not involve an alleged defect with the movant's service of notice, as was the case in *Quint*. It instead involves an unauthorized order by the trial court shortening time to notice the summary judgment hearing. Indeed, [the cross-defendant's] participation in the proceedings was the direct result of the court's repeatedly expressed desire to avoid a trial and to resolve the case through a motion for summary judgment by the scheduled trial date. Because the court was so insistent on hearing the motion before the scheduled trial date, [the cross-defendant's] objections would have been futile.

"In any event, waiver of the right to the statutorily mandated minimum notice period for summary judgment hearings should not be inferred from silence. Waiver of minimum notice in this context should only be based on the affirmative assent of the affected parties. As earlier noted, the court did not solicit, and did not secure, [the cross-defendant's] consent to the shortened notice period. His silence and, in essence, forced participation in the proceedings given the factual circumstances of this case, is not a valid substitute for knowing consent to shortening the statutorily mandated notice period.

"In sum, the statutory language and existing case law lead us to the conclusion a trial court does not have authority to shorten the minimum notice period for summary judgment hearings absent the express consent of the parties." (*Urshan, supra*, 120 Cal.App.4th at pp. 767–768, fns. omitted.)

In *Carlton v. Quint, supra*, 77 Cal.App.4th 690 (*Quint*)—which *Urshan* distinguished—the plaintiff, against whom summary judgment was sought, asserted that the moving party had failed to serve the motion at least 28 days before the hearing—the time period then statutorily required (*Quint*, at p. 696). The Court of Appeal in *Quint* agreed with the trial court that the motion was, in fact, timely served but went on to say that the timeliness argument had been waived in any event: "[D]espite his claim of inadequate service and notice[, which was raised] in his opposition to the motion and at

the summary judgment hearing, [the plaintiff] *did* file an opposition to the motion, appeared and argued at the hearing, never requested a continuance of the hearing and never claimed prejudice by reason of insufficient notice or service. Under these circumstances, we conclude [the plaintiff] waived any claim of inadequate service or notice assuming, without deciding, that claim had any merit." (*Id.* at p. 697.)

In dicta, *Quint* provided some practical advice: "This court understands the dilemma faced by an attorney who claims his client was not properly served with motion papers and/or that inadequate notice of the hearing was received. If counsel is convinced his or her legal position is correct, he or she may appear at the hearing without filing a response to the motion and *request a continuance for the purpose of preparing a proper response.* If counsel makes a complete record relating to both the defective service and/or inadequate notice and the inability to prepare a proper response, and the court denies the continuance, the record will be well preserved for any future writ proceeding or appeal.

"If counsel is *unwilling to take the chance that a continuance will be granted,* he or she should file the best opposition possible under the circumstances. The opposition should include counsel's position on the defective-service/inadequate-notice issue, as well as the merits. The opposition should contain a complete discussion of counsel's position as to *why a more complete opposition was not able to be filed* (e.g., because the defective notice of motion did not give counsel adequate time to prepare a response). Counsel should then appear at the hearing, object to the hearing taking place because the service was defective and/or inadequate notice of the hearing was received; again explain to the court the *prejudice that has been suffered* by reason of the defective service and/or inadequate notice; and request a continuance of the hearing so that a proper response to the motion may be filed. Obviously, if the court denies a continuance, counsel should be prepared to argue the motion on the merits. If, however, the steps described in this paragraph are taken, the record will be well preserved for any future writ proceeding or appeal.

"None of these steps were taken by [the plaintiff] in this case. Although he did raise the issue of inadequate service in his opposition and at the summary judgment hearing, he nevertheless filed a response to the motion for summary judgment, never claimed he did not have adequate time to prepare a response, appeared at the hearing, *argued the merits*, never requested a continuance, and *never claimed he was prejudiced* by the defective service or inadequate notice of hearing. As stated, under these circumstances, we conclude [the plaintiff] waived any alleged defective service or inadequate notice." (*Quint, supra,* 77 Cal.App.4th at pp. 697–698, italics added.)

In *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645 [40 Cal.Rptr.3d 501] (*Boyle*), the court noted a distinction between the issues raised in *Urshan* and *Quint*: whether a trial court's order shortening the notice period is valid (*Urshan*) as opposed to whether the moving party made a mistake in attempting to comply with the notice provisions in the summary judgment statute (*Quint*). In *Boyle*, the defendant complied with a local court order permitting the service of summary judgment motions in asbestos cases on 60 days' notice rather than the statutory minimum of 75 days. (See *Boyle*, at pp. 647–648, discussing S.F. County Super. Ct. Gen. Order No. 157.) In opposition, the plaintiffs argued that the local court order was invalid under the summary judgment statute, but they "also addressed the merits at length and submitted deposition transcripts, interrogatory responses, and documents as evidence allegedly showing . . . exposure to asbestos fibers imported by [the defendant]." (*Boyle*, at p. 648.) The trial court granted the motion.

The Court of Appeal reversed, holding that the local court order was inconsistent with, and thus invalid under, the statute (§ 437c, subd. (a)). (See *Boyle, supra*, 137 Cal.App.4th at pp. 654–655.) Before reaching that conclusion, the court decided that the plaintiffs had not waived their attack on the local court order by discussing the merits of the summary judgment motion. As the court explained: "No waiver may be implied where, as here, a party alleging error has made its objection and then acted defensively to lessen the impact of the error. . . . A party's participation in a hearing after the party's objection to the hearing as unauthorized does not constitute waiver by acquiescence. . . .

"[*Quint*], upon which [the defendant] relies, is not to the contrary. In [*Quint*], the court stated that a party's appearance at the hearing of a motion and filing of opposition to the motion is a waiver of any defects in the moving party's notice of motion. . . . The [opposing] party's appearance and filing of opposition demonstrates that the notice, even if defective, served its purpose of advising the party of the proceeding. . . . But the issue here is not whether the moving party provided adequate notice under the governing standard. The issue is whether the governing standard—[the local court order]—is itself invalid. The facts of this case are closer to *Urshan* . . . than to [*Quint*].

"In *Urshan*, the appellate court held that a trial court's order shortening the statutorily prescribed minimum notice period for hearing a motion for summary judgment was unauthorized and reversed summary judgment granted on shortened notice. . . . In doing so, the appellate court rejected the argument, similar to [the defendant's], that the [opposing] party waived the error by opposing the motion on the merits. . . . As here, the waiver argument in *Urshan* was founded upon [*Quint*]. The *Urshan* court distinguished

[*Quint*]: '[T]he present case does not involve an alleged defect with the movant's service of notice, as was the case in *Quint*. It instead involves an unauthorized order by the trial court shortening time to notice the summary judgment hearing.' (*Urshan, supra*, 120 Cal.App.4th at p. 768.) Likewise, the case now before us does not involve an alleged defect with [the defendant's] service of notice but an allegedly unauthorized order by the trial court shortening time to notice the summary judgment hearing . . . . Plaintiffs' opposition to the motion on the merits did not waive their challenge to the trial court's general order." (*Boyle, supra*, 137 Cal.App.4th at pp. 650–651, citations omitted; cf. Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2008) ¶¶ 9:96 to 9:96.1, p. 9(I)-69 (rev. # 1, 2008) [citing *Quint* for proposition that where "moving party's papers fail to comply with the procedural requirements applicable[,] e.g., insufficient notice, failure to serve all supporting documents, improper timing of motion, etc. [¶] . . . opposing counsel could choose not to file any opposition and simply request a continuance at the hearing, making record as to the inadequate notice or defective service. But to avoid the risk of a continuance being denied, it is better practice to file the best opposition possible under the circumstances—i.e., pointing out the motion's procedural defects, stating the basic points of the opposition, and explaining why a more complete opposition could not be filed. Counsel should then appear at the hearing, object to the hearing taking place, and request a continuance so that a proper response to the motion can be filed."].)

Under this trilogy of cases—*Quint, Urshan*, and *Boyle*—the opposing party faces a difficult question in deciding whether to discuss the merits at all or to what extent. Where inadequate notice is approved by the trial court—through either a case-specific order (*Urshan*) or a local court order (*Boyle*)—a full-blown opposition on the merits, in writing and at the hearing, does not appear to waive a timeliness objection. In contrast (*Quint*), if untimely notice is attributable to a *statutory* violation by the moving party (see § 437c, subd. (a)), the opposing party faces the dilemma of risking a loss on the motion if (1) it does not address the merits at all and the trial court declines to continue the hearing or (2) it addresses the merits to some extent but does not adequately show prejudice due to the untimely notice. We need not consider how this trilogy may apply to all possible scenarios.

Here, plaintiffs responded to the summary judgment motion by filing a written opposition containing *only the notice objections* and never argued the merits, unlike the opposing party in *Quint*. Plaintiffs did not have to claim or show prejudice because they did not address the merits, in writing or otherwise. (See *Quint, supra*, 77 Cal.App.4th at p. 698.) Further, as *McMahon* and *Urshan* establish, the 76-day notice given by defendants on the mailed motion was invalid. Thus, at the noticed hearing on April 12, 2007, the trial court had no authority to continue the hearing a mere four

days. At that point, the notice period had to begin anew, and 75 days is mandatory where notice is given personally. (See § 437c, subd. (a).) If the trial court did not want to continue the impending trial date for the necessary amount of time, it could have taken the motion off calendar. The four-day continuance was a violation of due process and an abuse of discretion. (See *Urshan, supra*, 120 Cal.App.4th at pp. 763, 765–766 & fn. 12; see also *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 61–62 [51 Cal.Rptr.3d 331]; *In re Brendan P.* (1986) 184 Cal.App.3d 910, 914–916 [230 Cal.Rptr. 720].)

A second reason justified plaintiffs' lack of an opposition on the merits and rendered the April 12, 2007 hearing improper. Defendants noticed their motion for hearing within 30 days of the trial date without first obtaining a determination of good cause from the trial court. (See § 437c, subd. (a).) Unless and until the trial court found good cause, the notice of the hearing was invalid. The party opposing a summary judgment motion should not be under an obligation to respond on the merits—and risk wasting its resources—given that the trial court may ultimately decide that good cause does not exist. Nevertheless, as it turned out here, the trial court *did* eventually find good cause but not until April 16, 2007—when the parties returned to court as instructed. The court proceeded to hear the summary judgment motion at the same hearing. Thus, April 16 did not *legally* become the hearing date on the motion until that very day. Plaintiffs had *no* time to prepare an opposition on the merits after the court granted defendants' request to hear the motion within 30 days of the trial date—another due process violation and abuse of discretion. (See *Urshan, supra*, 120 Cal.App.4th at pp. 763, 765–766 & fn. 12; see also *Matera v. McLeod, supra*, 145 Cal.App.4th at pp. 61–62; *In re Brendan P., supra*, 184 Cal.App.3d at pp. 914–916.)

Finally, we see no reason why plaintiffs should be forced to seek a continuance of the trial to remedy defendants' mistake in setting the hearing within 30 days of the trial date absent prior court permission.

■ In sum, the trial court abused its discretion by (1) continuing the noticed hearing for only four days, in an effort to provide 75 days' notice; and (2) ruling at the continued hearing on both the merits of the summary judgment motion and on defendants' request to entertain that motion within 30 days of trial.

## III

## DISPOSITION

The judgment is reversed. Plaintiffs are entitled to costs on appeal.

Rothschild, J., and Weisberg, J.,[*] concurred.

---

[*]Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.