Filed 1/21/26  Purnell v. Public Storage CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DEBORAH PURNELL, | B343257 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23SMCV04299) |
| v. | |
| PUBLIC STORAGE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Deborah Purnell, in pro. per., for Plaintiff and Appellant.

Sacro & Walker and Craig L. Dunkin for Defendant and Respondent.

——————————

Plaintiff Deborah Purnell (plaintiff) appeals from a judgment entered after the trial court granted summary judgment for defendant Public Storage.  Plaintiff contends that Public Storage did not properly serve her with its motion for summary judgment, and the trial court erred by giving her insufficient time to oppose the motion.  We find no error, and thus we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the present action in September 2023.[1]  In brief, the operative complaint alleges that for more than 11 years, plaintiff stored her truck in a parking space she rented from Public Storage.  During that time, Public Storage allegedly allowed third parties to occupy and vandalize the truck "on what appear[ed] to be a daily basis."  Plaintiff alleges that Public Storage's failure to provide safe storage for her truck gave rise to a variety of causes of action, including fraud, breach of implied warranty of habitability, negligence, negligent and intentional infliction of emotional distress, negligent and intentional misrepresentation, and breach of contract.

Public Storage filed a motion for summary judgment on September 16, 2024,[2] alleging, among other things, that plaintiff's claims were time-barred.  The proof of service attached

---

[1]  The complaint also named plaintiff's son, Enoch Purnell, as a plaintiff.  Enoch Purnell dismissed his action on August 27, 2024, and he is not a party to this appeal.

[2]  All dates are in calendar year 2024 unless otherwise indicated.

2

to the motion stated that the motion was served on plaintiff at her mailing address and by email.

The summary judgment motion was set for hearing on December 10. Under then existing law, plaintiff's opposition to the motion for summary judgment was due 14 days before the hearing, or by November 26. (Former Code Civ. Proc., § 437c, subd. (b)(2).) Plaintiff did not file an opposition by that date.

On December 3, plaintiff filed an ex parte application to continue the hearing on Public Storage's motion for summary judgment. Plaintiff asserted that she had not been served with the motion and had learned of it only when she checked the court's docket on November 25. Public Storage opposed the application, asserting, among other things, that it had properly served plaintiff by mail and email on September 16. After hearing argument, the court denied plaintiff's request to continue the summary judgment hearing, but it gave plaintiff until the following day, December 4, to file an opposition to the motion.

Plaintiff filed an opposition to the summary judgment motion on December 5, and the trial court granted the motion on December 10. The court entered judgment on December 13, from which plaintiff timely appealed.

## DISCUSSION

Plaintiff's sole contention on appeal is that by denying her application to continue the hearing on the summary judgment motion, the trial court effectively allowed her just one day to file opposition to the motion. Plaintiff urges this was error because the trial court did not have authority "to shorten the minimum statutory time regarding motions for summary judgment unless the parties stipulate to shortened time, which did not occur in this case."

3

We conclude as a threshold matter that plaintiff has forfeited her challenge to the judgment by failing to adequately cite to the record in her appellate briefs. California Rules of Court, rule 8.204(a)(1)(C), requires parties to an appeal to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." The failure to do so constitutes a forfeiture of a party's appellate arguments. (E.g., *Perry v. Stuart* (2025) 111 Cal.App.5th 472, 502, fn. 21 [appellants forfeited appellate contention by failing to support it with appropriate record citations]; *Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 596 [Courts of Appeal " 'have the discretion to disregard contentions unsupported by proper page cites to the record' [citation] and will conclude that parties forfeit arguments by failing to support statements in the argument section of a brief with record citations"].) Here, plaintiff's appellate briefs contain no citations to the record, and thus plaintiff has forfeited her appellate arguments.

In any event, even were we to address the merits of plaintiff's appeal, we would find no error. In support of her application to continue the summary judgment hearing, plaintiff contended that defendants had not served her with their moving papers. In opposition, Public Storage's attorney, Craig Dunkin, submitted a declaration stating that he served the motion for summary judgment on plaintiff by mail and email on September 16. At the court's request, attorney Duncan attached to his declaration a copy of his September 16 email to plaintiff appending the summary judgment papers.

We do not have a record of the trial court's oral findings on the service issue because plaintiff has not supplied us with a

4

reporter's transcript of the December 3 hearing.  In the absence of a reporter's transcript, we are required by the doctrine of implied findings to presume that the trial court made all findings necessary to support its order.  (See *Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, 197 [in absence of express findings, appellate court " ' "must presume the trial court made all factual findings necessary to support the [order] for which there is substantial evidence" ' "].)  We therefore necessarily presume that the trial court found plaintiff was properly served with the moving papers.  That finding is supported by substantial evidence—namely, by the proof of service attached to the moving papers and attorney Dunkin's declaration in opposition to plaintiff's ex parte application.  Accordingly, we conclude that the trial court did not err by denying plaintiff's request to continue the summary judgment hearing.

The present case is distinguishable from *Urshan v. Musicians' Credit Union* (2004) 120 Cal.App.4th 758, on which plaintiff relies.  In *Urshan*, the trial court allowed the defendant to file a motion for summary judgment less than ten days before trial was set to begin, and it gave the plaintiff just two days to file an opposition to the motion.  (*Id.* at p. 763.)  The court then granted the defendant's motion for summary judgment.  The Court of Appeal reversed, holding that the trial court lacked authority to shorten the statutory notice period, which was then 28 days.  (*Id.* at pp. 763–766.)

Unlike in *Urshan*, the trial court in the present case did not allow Public Storage to file a motion for summary judgment on less notice than the statute requires; to the contrary, it is undisputed that Public Storage filed its motion on September 16, which was 80 days before the December 5 hearing date.

Although plaintiff contends she did not timely receive notice of the filing of the motion, the trial court was entitled to find otherwise.  (See *People v. Alvarez* (2025) 18 Cal.5th 387, 470 [noting the " ' " 'exclusive province of the trial judge . . . to determine the credibility of a witness and the truth or falsity of the facts' " ' "].)  Based on the foregoing, the trial court did not err by denying plaintiff's request to continue the summary judgment hearing.

## DISPOSITION

The judgment is affirmed.  Public Storage is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

HANASONO, J.