Filed 6/25/14  Belton v. Spack CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RAYMOND BRUCE BELTON,<br><br>    Plaintiff and Appellant,<br><br>        v.<br>ROBERT A. SPACK et al.,<br><br>    Defendants and Respondents. | F065941,<br>F066215 & F066235<br><br>(Super. Ct. No. CV-273347)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Raymond Bruce Belton, in pro. per., for Plaintiff and Appellant.

Burke, Williams & Sorensen, Susan E. Coleman and Kristina D. Gruenberg for Defendants and Respondents.

-ooOoo-

These three consolidated appeals arise out of a single medical malpractice action filed by plaintiff against defendants.  Judgment was entered against plaintiff after defendants' motion for summary judgment was granted.  Plaintiff challenges the denial of his motion for reconsideration of the denial of his motion for summary judgment, the denial of his motion for a stay pending appeal, the denial of his motion to strike defendants' motion for summary judgment, and the granting of defendants' motion for summary judgment.  We find no error in the trial court's judgment and affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff, a prison inmate appearing in propria persona, sued staff physicians who treated him while he was housed at Taft Correctional Institution, alleging medical malpractice. On December 27, 2011, he filed a motion for summary judgment, but failed to include a hearing date in the notice of motion. On February 1, 2012, plaintiff filed an amended notice of motion for summary judgment, setting the hearing for March 16, 2012. Defendants did not file opposition. On March 16, 2012, the court heard and denied plaintiff's motion, finding the motion did not comply with statutory and court rule requirements for notice, separate statement, memorandum of points and authorities, or evidence.

On March 26, 2012, plaintiff filed a motion for reconsideration of the denial of his motion for summary judgment. In it, he asserted the trial court had inadvertently overlooked the papers filed with the original notice of motion, and had ruled based only on the amended notice and a supplemental request for judicial notice filed with it. Plaintiff contended that, because defendants had filed no opposition, he was entitled to summary judgment in his favor. On August 20, 2012, the trial court heard and denied the motion for reconsideration. Plaintiff filed a notice of appeal from the denial of his motion for reconsideration; he also filed a request for an immediate stay of the litigation while the appeal was pending.

In the interim, on June 29, 2012, defendants filed a motion for summary judgment and set it for hearing on September 17, 2012. They contended the statute of limitations had run on plaintiff's claims before the complaint was filed, plaintiff failed to exhaust his administrative remedies before filing suit, plaintiff failed to provide notice of intent to sue before filing suit, and defendants were not negligent in the medical care they rendered to plaintiff. Plaintiff filed no opposition to the motion, apparently relying on his request for an immediate stay to obviate the need to file opposition. Defendants' motion for

2

summary judgment was heard and taken under submission.  Plaintiff filed a motion to strike defendants' motion for summary judgment, but the motion was not calendared, because plaintiff failed to obtain a hearing date for it.

On October 1, 2012, the trial court denied plaintiff's request for an immediate stay and granted defendants' motion for summary judgment.  Plaintiff then refiled his motion to strike defendants' motion for summary judgment and set it for hearing.  It was heard and denied.  Judgment was entered in favor of defendants.  Plaintiff filed notices of appeal of the order denying his request for an immediate stay and granting defendants' motion for summary judgment and the order denying plaintiff's motion to strike defendants' motion for summary judgment.  We consolidated plaintiff's three appeals and construed the three premature notices of appeal as being taken from the judgment.

## *DISCUSSION*

### I.    Motion for Reconsideration of Denial of Plaintiff's Motion for Summary Judgment

"[T]he trial court's judgment is presumptively correct, such that error must be affirmatively demonstrated, and where the record is silent the reviewing court will indulge all reasonable inferences in support of the judgment."  (*Yield Dynamics, Inc. v. TEA Systems Corp*. (2007) 154 Cal.App.4th 547, 556-557 (*Yield Dynamics*).)  To justify reversal, the error must also be prejudicial; this means it must appear "'reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' [Citations.]"  (*Id*. at p. 557.)

Plaintiff challenges the trial court's denial of his motion for reconsideration of the denial of his motion for summary judgment.  After a motion has been granted or denied by a court, any party affected by the order may seek reconsideration based upon a showing of new or different facts, circumstances, or law.  (Code Civ. Proc., § 1008, subd. (a).)  "A party seeking reconsideration also must provide a satisfactory explanation for

3

the failure to produce the evidence at an earlier time." (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.) "A trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." (*Ibid*.)

Plaintiff seems to make two arguments as the basis for his challenge to the order denying the motion for reconsideration. He contends the motion for summary judgment should have been granted because defendants failed to oppose it; he also asserts the trial court did not consider all the papers he filed in support of his motion for summary judgment, but only considered the amended notice of motion and the supplemental request for judicial notice filed with it.

The lack of opposition to the motion for summary judgment did not constitute new or different facts, circumstances, or law. It was known to both plaintiff and the trial court at the time of the hearing of plaintiff's motion. Therefore, it did not present a valid basis for reconsideration.

The trial court's order denying plaintiff's motion for summary judgment states: "motion does not comply with CCP §437c(2) [*sic*] re: notice, or CCP §437c(b)(1) and CRC, rule 3.1350(c)(2) re: separate statement, CRC rule 3.1350(c)(3) and (4) re: memorandum and evidence. Also see CRC rules 3.1112 and 3.1110." (Some capitalization omitted.) Plaintiff seems to interpret this to mean the trial court found he did not comply with the statute and rules because he did not serve and file all of the required papers or give sufficient notice. He contends he did serve and file all of the required papers, some in December 2011 and some in January 2012, and he gave adequate notice if measured from the December 27, 2011, service and filing date.

Code of Civil Procedure section 437c,[1] subdivision (a), provides that a party moving for summary judgment must serve notice of the motion and supporting papers on

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

all other parties at least 75 days before the hearing date, plus an additional five days if the notice is mailed to an address within California. Rule 3.1110(b) of the California Rules of Court[2] requires that the first page of each paper filed with a motion specify the date and time of the hearing. Plaintiff's initial motion for summary judgment, filed in December 2011, neglected to specify any hearing date. When plaintiff served and filed his amended notice of motion for summary judgment, he set the motion for a hearing date that was only 50 days after service of the notice. Thus, adequate notice of the motion was not given.

When the moving party does not give 75 days' notice of the hearing (or 80 days' notice if served by mail), the opposing party is not required to respond to the motion on the merits. (See *Robinson v. Woods* (2008) 168 Cal.App.4th 1258, 1267-1268.) The trial court cannot cure the deficiency in the notice by continuing the hearing for the remainder of the time necessary to equal 75 days' notice; if insufficient notice is given, the moving party must begin again and give 75 days' notice of the hearing. (*Ibid.*) Similarly, where no hearing date is set in the notice, the notice is ineffective and the opposing party has no obligation to respond on the merits. The moving party must give notice specifying a hearing date, and the date must be at least 75 days after service of the notice. The trial court properly concluded plaintiff failed to comply with the statutory notice requirements for a motion for summary judgment.

Section 437c, subdivision (b)(1) provides:

"The motion shall be supported by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. The supporting papers shall include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. The failure to

---

[2] All further references to rules are to the California Rules of Court unless otherwise indicated.

5

comply with this requirement of a separate statement may in the court's discretion constitute a sufficient ground for denial of the motion."

Plaintiff's initial moving papers included a memorandum of points and authorities and a separate statement of undisputed material facts. The separate statement, however, contained no references to supporting evidence. The only items cited in support of the various purported facts were plaintiff's memorandum of points and authorities and his first amended complaint. Neither constituted evidence supporting the statements of fact. (See § 437c, subd. (b)(1); *Cassady v. Morgan, Lewis & Bockius LLP* (2006) 145 Cal.App.4th 220, 241 (*Cassady*); *Cole v. Town of Los Gatos* (2012) 205 Cal.App.4th 749, 767, fn. 8 (*Cole*).)

The only items submitted with plaintiff's motion that might have been intended as evidence in support of the motion were two pages of what appear to be medical records. The motion did not include any declaration identifying or authenticating the documents, or explaining their relevance to the motion. They were not referenced in the separate statement or the memorandum of points and authorities. Thus, even if the trial court should have, but did not, consider all the documents plaintiff filed with his initial motion for summary judgment, plaintiff has not demonstrated any prejudicial error. The separate statement filed in December did not comply with the statutory and rule requirements, did not cite any evidence, and did not establish any facts as undisputed.

The trial court did not abuse its discretion by denying plaintiff's motion for reconsideration of the denial of his motion for summary judgment. Additionally, plaintiff suffered no prejudice from the denial of the motion for reconsideration; even if the trial court had reconsidered the order on plaintiff's motion for summary judgment, plaintiff would not have been entitled to summary judgment because he submitted no evidence in support of his motion.

## II.      Motion for Stay

Plaintiff challenges the denial of his request for an immediate stay of proceedings pending appeal of the denial of his motion for reconsideration.  Generally, a stay is an equitable remedy and the granting or denying of a stay requires a court to exercise its equitable discretion.  (*Webster v. Superior Court* (1988) 46 Cal.3d 338, 345.)  Accordingly, the grant or denial of a stay is reviewed for abuse of discretion.

The request for a stay was filed on September 4, 2012, between the date plaintiff's motion for reconsideration was denied and the hearing date for defendants' motion for summary judgment.  Plaintiff requested the stay because he had filed an appeal of the denial of his motion for reconsideration, defendants' motion for summary judgment was pending, he contended his motion for summary judgment should have been granted because defendants failed to oppose it, and he feared defendants' motion for summary judgment would be granted if a stay order was not entered.

The trial court denied plaintiff's request for a stay, explaining:

> "Plaintiff wishes to pursue an 'appeal' from this court's denial of plaintiff's motion for reconsideration of the court's denial of plaintiff's earlier filed and considered MSJ.  The statutory time limit within which plaintiff had to seek review by petition for writ has long run as of 4/10/12, twenty (20) days from notice of denial of the MSJ plus mailing time.  See CCP section 437c(m).  The time limit is jurisdictional and not extended by the service and filing of a motion for reconsideration."  (Some capitalization omitted.)

While a judgment entered after the granting of a motion for summary judgment is appealable, an order denying a motion for summary judgment is not immediately appealable.  (§ 437c, subd. (m)(1); *Los Angeles County-U.S.C. Medical Center v. Superior Court* (1984) 155 Cal.App.3d 454, 459.)  An order denying summary judgment may be reviewed by appeal from the ultimate judgment or by petition for a peremptory writ, filed within 20 days after service of a written notice of entry of the order.  (§ 437c, subd. (m)(1); *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 343.)

7

Thus, plaintiff could only obtain review of the denial of his motion for summary judgment by immediately petitioning for a writ of mandate or by waiting until entry of the final judgment in the action and appealing that judgment. As the trial court pointed out in its order, plaintiff did not petition for a writ within the applicable 20-day period.

"An order denying a motion for reconsideration … is not separately appealable." (§ 1008, subd. (g).) Thus, plaintiff's purported appeal from the denial of his motion for reconsideration was not a valid appeal. "[I]f the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (*Ibid.*) The order that was the subject of plaintiff's motion for reconsideration—the order denying his motion for summary judgment—was not separately appealable. Thus, plaintiff's only means of appealing the motion for reconsideration was to wait until judgment was entered and appeal from the final judgment. Accordingly, because plaintiff's appeal from the motion for reconsideration was filed prematurely, the trial court did not abuse its discretion by denying plaintiff's motion for a stay of proceedings while that appeal was pending.

## III. Denial of Motion to Strike Defendants' Motion for Summary Judgment

After the hearing of defendants' motion for summary judgment, but before the trial court issued its ruling thereon, plaintiff filed a motion to strike defendants' motion for summary judgment. He asked that defendants' motion be stricken due to their failure to comply with section 437c, subdivision (b)(5), which provides that "[e]videntiary objections not made at the hearing shall be deemed waived." Plaintiff argues that, because defendants failed to file opposition to his motion for summary judgment, they waived any objections to it. Further, defendants' motion for summary judgment "address[ed] what is in fact evidentiary objections" to plaintiff's motion, so defendants' motion for summary judgment should have been stricken.

8

As discussed previously, plaintiff's motion for summary judgment was not served with the statutorily required 75 days' notice. Accordingly, defendants were not required to respond to it, and their lack of opposition did not waive or forfeit their right to move for summary judgment in their favor.

Further, section 437c, subdivision (b)(5), provides that objections to evidence submitted in support of or opposition to a motion for summary judgment must be made at the hearing or they will be deemed waived. As discussed previously, however, plaintiff's motion for summary judgment presented no evidence. It was not accompanied by any declarations. The separate statement referred only to the memorandum of points and authorities and plaintiff's pleading in support of the facts asserted. Neither is evidence that may be relied on in support of the motion. (See § 437c, subd. (b)(1); *Cassady, supra,* 145 Cal.App.4th at p. 241; *Cole, supra,* 205 Cal.App.4th at p. 767, fn. 8.) Because plaintiff presented no evidence in support of his motion, there were no evidentiary objections to raise or to deem waived.

Defendants' lack of opposition to plaintiff's motion did not bar defendants from filing their own motion for summary judgment and presenting evidence demonstrating that plaintiff's claims were without merit. The trial court did not err in denying plaintiff's motion to strike defendants' summary judgment motion.

## IV. Granting of Defendants' Motion for Summary Judgment

Plaintiff contends the trial court erroneously granted defendants' motion for summary judgment because defendants waived their evidentiary objections to plaintiff's motion for summary judgment and that prevented them from proceeding with their motion. As we have determined, plaintiff's motion for summary judgment was properly denied; defendants did not waive any evidentiary objections, and there was nothing to prevent defendants from moving for summary judgment.

9

Although the burden is on plaintiff, as the appellant, to demonstrate error in the judgment (*Yield Dynamics, supra,* 154 Cal.App.4th at pp. 556-557), plaintiff has not challenged the sufficiency of defendants' showing in support of their motion. With their motion, defendants presented a separate statement of undisputed material facts containing 71 statements of fact, each supported with a reference to supporting evidence. The supporting evidence included declarations and medical records. Defendants' memorandum of points and authorities discussed the legal authorities supporting their contentions that they were entitled to judgment in their favor on plaintiff's claims. Plaintiff filed no opposition and did not attempt to raise a triable issue of material fact.

Plaintiff asserts the trial court's order granting defendants' motion for summary judgment denied him the equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution. "'The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. [Citation.]' [Citation.]" (*People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 442, 447.) "'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253 (*Cooley*).)

Plaintiff asserts he was denied equal protection because he, "an indigent petitioner, was not provided the same equal terms as afforded the Counsel of the prestigious law firm … who was representing the Defendant." He claims the trial court violated state law to grant defendants' motion for summary judgment and to deny plaintiff's. Plaintiff contends an indigent petitioner is denied equal protection if he is denied review on equal terms with other petitioners, solely because of his indigence.

10

Plaintiff has not shown that "'the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'" (*Cooley, supra*, 29 Cal.4th at p. 253.)  He has not shown that he and defendants were similarly situated with respect to the motions for summary judgment.  Plaintiff's motion set out facts he contended were undisputed, but failed to present any supporting evidence.  Defendants' motion identified facts they contended were undisputed, cited to the supporting evidence, which was presented with the motion, and argued in a memorandum of points and authorities that defendants were entitled to judgment.  Plaintiff points to nothing in the record to indicate the trial court treated the parties unequally because plaintiff was indigent.

Plaintiff has not demonstrated any prejudicial error in the trial court's grant of summary judgment in favor of defendants.

## *DISPOSITION*

The judgment is affirmed.  Defendants are entitled to their costs on appeal.


_____

HILL, P. J.

WE CONCUR:


_____

DETJEN, J.


_____

FRANSON, J.

11