Filed 1/19/21 Kimble v. WDW Joint Venture CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| HELENA KIMBLE, Plaintiff and Appellant, v. WDW JOINT VENTURE, Defendant and Respondent. | B296965 (Los Angeles County Super. Ct. No. VC066607) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge. Reversed and remanded.

A.O.E. Law & Associates, Anthony O. Egbase, Adam Apollo and Sedoo A. Manu for Plaintiff and Appellant.

Pleiss Sitar McGrath Hunter & Hallack, Mark G. McGrath for Defendant and Respondent.

————————————

Helena Kimble appeals the judgment entered after the trial court granted the motion for summary judgment filed by WDW Joint Venture, doing business as Downey Community Health Center, in Helena's[1] action for wrongful death. Because WDW's motion was directed to the other named plaintiffs, not to her, Helena contends the court erred in including her in its ruling and entering judgment against her. We agree and reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 29, 2017 Ira Lee Kimble, by and through his widow and successor in interest Loretta G. Kimble, sued WDW for negligence and elder abuse in connection with its treatment of Ira while he was a patient at WDW's skilled nursing facility. The same day she filed the negligence and elder abuse action, Loretta joined her children Ira Kimble II and Latricia Kimble in filing a wrongful death action against WDW, alleging the actions and omissions of WDW and its employees had caused Ira's death. The wrongful death complaint identified Loretta, Ira II and Latricia (collectively the Loretta Kimble plaintiffs) as Ira's surviving heirs. Helena and two other individuals, Sabrina Gibson and Montoria Gibson, were described as indispensible parties and named as nominal defendants.[2]

In January 2018 the court ordered the two lawsuits consolidated.

---

[1]     Because Helena Kimble and the other plaintiffs in this action share the same surname, for clarity we sometimes refer to them by their first names.

[2]     Helena is Ira's daughter and Loretta's stepdaughter. Sabrina Gibson and Montoria Gibson have not appeared in the action and have not been otherwise identified.

2

After filing an answer to the wrongful death complaint, Helena moved to join the wrongful death action as a plaintiff pursuant to Code of Civil Procedure section 378,[3] alleging that, as Ira's daughter, she was an indispensible party.

On September 19, 2018, before the court had ruled on Helena's motion to join the wrongful death action as a plaintiff, WDW moved for summary judgment or, in the alternative, summary adjudication in the consolidated action for elder abuse, negligence and wrongful death. The notice of motion and motion were specifically directed to "Plaintiffs, Ira Lee Kimble, by and through his successor in interest, Loretta Kimble . . . ; and Loretta G. Kimble, Ira Kimble II; and Latricia R. Kimble." Helena was not identified in the notice of motion or motion.[4]

On November 21, 2018 the trial court granted Helena's motion to join the wrongful death lawsuit as a named plaintiff. A

---

[3]     Statutory references are to this code.

[4]     The notice of motion stated in part, "To All Parties And Their Respective Attorneys of Record: [¶] Please Take Notice that on December 18, 2018 . . . defendant, WDW Joint Venture, dba Downey Community Health Center . . . will, and hereby does, move the Court for an order for entry of summary judgment in its favor and against Plaintiffs, Ira Lee Kimble, by and through his Successor in Interest, Loretta Kimble (Case No. VC066607); and Loretta G. Kimble; Ira Kimble II; and Latricia R. Kimble (Case No. VC066608) [collectively 'Plaintiffs']." (Block capitalization omitted.) The parts of the notice directed to the alternative motion for summary adjudication similarly stated the motion was directed against Loretta in the elder abuse/negligence action and against Loretta, Ira II and Latricia in the wrongful death action. Helena was not mentioned.

3

first amended complaint adding Helena as plaintiff was filed on November 29, 2018.

In December 2018 the Loretta Kimble plaintiffs opposed WDW's motion for summary judgment/summary adjudication. Helena, who had been served with WDW's moving papers, did not file an opposition.

On January 15, 2019 the Loretta Kimble plaintiffs appeared at the hearing on WDW's motion and argued the motion should be denied on its merits. Counsel for Helena made a formal appearance but did not offer any arguments. After stating it was inclined to deny the motion, the trial court took the matter under submission.

On February 1, 2019 the Loretta Kimble plaintiffs withdrew their opposition to the summary judgment motion after entering into a settlement with WDW.

On February 11, 2019 the court granted WDW's motion for summary judgment. Finding WDW had carried its burden on summary judgment and observing the motion was unopposed, the court concluded summary judgment in favor of WDW in the consolidated action for elder abuse, negligence and wrongful death was proper. In both its written ruling and minute order, the court referred to "plaintiffs" collectively without identifying any of them by name.

Helena filed a motion for clarification or, in the alternative, reconsideration. Emphasizing she had not been named in WDW's notice of motion or motion for summary judgment, Helena sought clarification that the court's order would not result in the dismissal of her wrongful death lawsuit.

WDW opposed Helena's motion, arguing it was neither timely nor a proper motion for reconsideration pursuant to

section 1008, as it was not based on new facts or evidence. It also argued it was Helena Kimble's obligation to file an opposition and seek a continuance of the hearing if necessary in order to preserve her action and she had done neither. WDW requested the trial court sanction Helena for filing a frivolous motion.

At the hearing on Helena's motion the court expressed frustration at Helena's counsel for not making clear at the summary judgment hearing that Helena intended to proceed with her lawsuit no matter how the court ruled on the summary judgment motion. "You were here. You knew about [the motion]. You could have asked for a continuance. . . . You never once did that, and you relied on the other moving parties' papers or the response. You didn't ever say you wanted to file something on your own, and only because the case played out the way that it did, you came back here and asked me for reconsideration. You never until then made it known that you wanted to do something other than what was already presented, and truthfully, that's troubling to me[.]" In response Helena's counsel informed the court he had considered filing an opposition to the motion but elected not to as his client had not been identified in the motion and he did not want to waive any notice rights.

After taking the matter under submission, the court denied Helena's motion. Helena filed a notice of appeal from the order granting summary judgment. Later, the court entered judgment against Helena and the Kimble plaintiffs.[5]

---

[5] We treat Helena Kimble's premature notice of appeal from the summary judgment order as timely filed. (Cal. Rules of Court, rule 8.104(d).)

5

## DISCUSSION

The question presented in the case at bar is whether a motion for summary judgment is properly granted against a party to whom the motion was not directed. The answer, absent a waiver of rights that did not occur in this case, is no.

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843; see § 437c, subd. (a)(1) ["[a] party may move for summary judgment in an action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding"].) Although the moving party must serve the motion and supporting papers "on all other parties to the action" (§ 437c, subd. (a)(2)), the motion need not be directed to all other parties. (See § 437c, subd. (a)(1) ["[t]he motion may be made at any time after 60 days have elapsed since the general appearance in the action or proceeding of each party against whom the motion is directed"].) Accordingly, it is incumbent on the moving party to identify in the notice of motion and motion the parties "to whom it [the motion] is addressed." (Cal. Rules of Court, rule 3.1112(d)(2).)

WDW acknowledges its notice of motion and motion did not specifically identify Helena Kimble as one of the parties to whom the motion was directed. However, it argues the general address at the top of the notice of motion, "To All Parties and Their Respective Attorneys of Record," necessarily included Helena, who was a nominal defendant at the time the motion was filed. That language, at most, put all parties, including Helena, on notice the motion had been filed. It did not provide notice

6

summary judgment was being sought against her, as section 437c, subdivision (a)(1), and California Rules of Court, rule 3.1112(d)(2) require. Indeed, the very next paragraph of the notice of motion specifically stated the motion was against the Loretta Kimble plaintiffs only.

WDW alternatively argues that, by not filing an opposition or moving to continue the summary judgment hearing despite having notice of the motion and being present at the hearing, Helena waived any objection to the motion being granted against her. But Helena had no duty to oppose the motion, let alone request a continuance to file an opposition, because the motion was not directed to her. Not surprisingly, WDW cites no authority for a finding of waiver under these circumstances.[6]

Although WDW does not cite *Carlton v. Quint* (2007) 77 Cal.App.4th 690, its waiver argument seems to be based on dicta from that case. In *Carlton* the plaintiff asserted on appeal that the defendant had failed to serve his summary judgment motion at least 28 days before the hearing, the notice period then statutorily required. (*Id*. at p. 696.) After holding the motion had, in fact, been timely served, our colleagues in Division Three of this court suggested an approach for counsel to follow when he or she believes notice is inadequate, including appearing at the

---

[6] WDW's waiver argument ignores its own crucial omissions. At the time it was filed, WDW's motion for summary judgment was properly directed to a complaint in which Helena was not an adverse party. After the first amended complaint was filed and the complaint to which the motion was directed superseded, WDW did nothing to indicate it intended its motion apply to the operative first amended complaint naming Helena as a plaintiff. As a result, Helena had no reason to object on notice grounds or seek a continuance.

hearing and requesting a continuance to file a proper opposition or filing the best possible opposition under the circumstances and demonstrating at the hearing the prejudice caused by lack of proper notice. (*Id.* at pp. 696-697.) The court of appeal observed the plaintiff had taken none of those steps. To the contrary, the plaintiff "filed a response to the motion for summary judgment, never claimed he did not have adequate time to prepare a response, appeared at the hearing, argued the merits, never requested a continuance, and never claimed he was prejudiced by the defective service or inadequate notice of hearing." (*Id.* at p. 698.) Citing well-settled law the *Carlton* court held the plaintiff's active participation in arguing the merits of the motion at the hearing—not his failure to request a continuance—waived any defects in notice or service. (*Id.* at p. 697.)

We need not evaluate the *Carlton* court's suggested strategy to avoid waiver of defective notice or service because, unlike the situation in *Carlton*, the motion in this case was not directed to Helena (or, for that matter, to the first amended complaint naming her as a plaintiff). For that reason, she did not file an opposition to the summary judgment motion, a joinder in the Loretta Kimble plaintiffs' opposition or argue the merits at the hearing. Accordingly, there was no waiver. (Cf. *Robinson v. Wood* (2008) 168 Cal.App.4th 1258, 1266 [distinguishing *Carlton*; plaintiffs who appeared at summary judgment hearing but did not argue the merits of the motion did not, by their limited opposition on notice grounds, waive their right to proper statutory notice].)

Finally, WDW's emphasis on Helena's failure to conduct any discovery of her own is, quite simply, beside the point. While such failures, if they continue, could very well affect Helena's

ability to respond to a summary judgment motion properly directed to her and to prosecute her case at trial, they are irrelevant to the limited question whether a summary judgment motion that was not directed to her, and to which she justifiably did not respond, was properly granted against her. It was not.

## DISPOSITION

The judgment as to Helena Kimble is reversed. Helena Kimble is to recover her costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J

9