Filed 11/4/14  Rider v. Sire Enterprises CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| INGRID RIDER,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SIRE ENTERPRISES, LTD,<br><br>        Defendant and Appellant. | A140099<br><br>(Marin County<br>Super. Ct. No. CIV1106245) |

Defendant Sire Enterprises, Ltd. (Sire) appeals from judgment after a jury verdict for compensatory and punitive damages in this pregnancy discrimination case.  However, no trial issues are presented on this appeal.

Instead, Sire argues that the trial court abused its discretion in shortening the time for service of plaintiff's motion for summary adjudication on liability to less than the 75-day notice required by Code of Civil Procedure section 437c, subdivision (a).[1]  It is undisputed that on November 2, 2012, the trial court granted plaintiff's unopposed ex parte application to permit the motion to be heard on January 9, 2013, a date when Sire's timely filed motion for summary judgment was already scheduled to be heard.

However, it is also undisputed that Sire's counsel did not consent to the order shortening time.  The controlling authorities are clear that, in the absence of consent by all affected parties, the trial court has no discretion to shorten the mandatory 75-day

_____

[1]  Unless otherwise indicated all further statutory citations are to the Code of Civil Procedure.

1

notice period.  Because Sire was not asked to consent and did not do so, we must reverse the judgment and do not reach the parties' other arguments.

## BACKGROUND

The pleadings and the cross motions for summary judgment disclose the following background facts:  Plaintiff had been employed by Sire from February 2009 until November 15, 2011, when she was fired.  On September 20, 2011, she had emergency surgery for an ectopic pregnancy.  Her employer knew of the pregnancy and the surgery and received a medical certification from plaintiff's doctor on September 27, 2011, stating that she needed to be absent from work until December 1.  However, in October, Sire also received reports from other employees that plaintiff was engaging in activities inconsistent with a need for a medical leave.  Sire then asked plaintiff for further information from her doctor, and when it was dissatisfied with the doctor's non-specific reference to a physical or emotional condition affecting a major life activity, and with telephonic responses from plaintiff, its president fired her for perceived "scamming" of the company.

On December 6, 2011, plaintiff filed a complaint with the Department of Fair Employment and Housing and promptly received a right-to-sue letter.

## PROCEEDINGS IN THE TRIAL COURT

The original complaint was filed on December 22, 2011.[2]  On July 17, 2012, the court set a trial date for February 26, 2013.  Sire filed its motion for summary judgment or, in the alternative, for summary adjudication, on October 4, 2012, and reserved a hearing date for that motion on January 9, 2013.

The first notice Sire received that plaintiff intended to file her own motion for summary adjudication came on October 30, 2012.  At that time counsel for plaintiff gave

---

[2]  The only complaint provided to us is plaintiff's second amended complaint for violation of pregnancy leave law and wrongful discharge in violation of public policy, filed on December 13, 2012, after Sire's motion for summary judgment had been filed.  No issue is raised on appeal concerning the change in the complaint in light of the pending summary judgment motion.

notice to counsel for Sire of an ex parte hearing the next day to schedule a plaintiff's motion for summary adjudication.  Upon receipt of that notice (which is not in the record) counsel for Sire emailed to ask "what the ex parte is about."  Counsel for plaintiff replied a few minutes later:  "I have to appear ex parte to have the motion for summary adjudication put on an already full law and motion calendar.  The first available date, according to the clerk, was 2/27, and the motions are required to be heard 30 days before trial.  So, I'm asking the court to put Rider's motion on 1/9, along with defendant's motion.  I'm not seeking any shortening time of notice to your client.  That's all."

Instead of appearing on October 31, however, counsel for plaintiff sent counsel for Sire another notice:  "Please be advised that I will be appearing ex parte on Friday, November 2, 2013 [sic: 2012] at 8:30 a.m. in Dept. B to have Plaintiff's Motion for Summary Judgment/Adjudication of Issues added to a full calendar, hopefully, the calendar of January 9, 2013."

The ex parte application and proposed order that counsel for plaintiff filed on November 2, 2012, were plaintiff's "EX PARTE APPLICATION FOR ORDER TO PLACE MOTION ON FULL CALENDAR."  Counsel's application explained the problem:  trial was scheduled for February 26, 2013, but the earliest normal law and motion date was not until February 27.  Because the court's calendars were all full, plaintiff requested January 9, 2013, because Sire's motion was scheduled to be heard that day.  Although counsel cited section 437c, subdivision (a), in the context of noting that a hearing on February 27 would violate it, she did not address whether her proposed January 9 hearing date would not.  She closed her application stating, "I have not received any notice from Ms. Aqui that she attends [*sic*] to oppose this *ex parte* application."  Neither did she state that Ms. Aqui had consented to it.

3

The court granted the application and allowed plaintiff's motion to "be set on the already full calendar of January 9, 2013." Plaintiff's motion was filed that day, November 2, 2013, but served by mail rather than by hand delivery or overnight.[3]

Sire filed its opposition to plaintiff's motion on December 28, 2012. Its first argument was that plaintiff's motion was procedurally defective for failure to provide 75 days' notice as required by section 437c, subdivision (a), citing *Urshan v. Musicians' Credit Union* (2004) 120 Cal.App.4th 758, 767 (*Urshan*), discussed below. Sire made clear that it had not been asked to agree to shorter notice and had not done so. Sire then responded to plaintiff's motion on its merits, arguing that it had a complete defense to plaintiff's claim for violation of the pregnancy discrimination law, Government Code section 12945.

In her reply to Sire's opposition, plaintiff argued implied consent from the notice of the ex parte hearing given to counsel for Sire and Sire's failure to oppose that ex parte application. She also cited, as she does here, *Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1224 (*Karlsson*).

The court provided a tentative ruling granting plaintiff's motion and denying Sire's motion in advance of the argument on January 9, 2013. At the hearing, counsel for Sire again argued first that plaintiff's motion was procedurally defective under section 437c, subdivision (a). Sire was given leave to file a supplemental declaration providing the emails which preceded the ex parte hearing on November 2, 2012. After arguments were completed, the court took the matter under submission.

On June 24, 2013, the court entered its order affirming its tentative ruling in all respects.[4] The court's only comment with respect to Sire's argument under section 437c,

---

[3] The trial court's order did not specify how service should be made or specify a modified briefing schedule despite the fact that Sire's opposition would be due on December 28 because the 14th day before the hearing was Christmas, followed by a weekend.

[4] On February 7, 2013, plaintiff apparently requested that the February 26 trial date be continued. The court vacated the trial date and set a case management conference in its stead. On February 26, a new trial date was set for August 13, 2013.

4

subdivision (a), was: "Finally, plaintiff's motion is not procedurally defective as the court allowed plaintiff's motion to be heard on shortened notice, without objection by defendant."

Trial commenced on August 13, 2013, and concluded with jury verdicts on August 16, 2013, of $36,000 in economic damages, $10,000 in non-economic damages and $100,000 in punitive damages.[5] Judgment was entered on the jury's verdict on September 4, 2013. Notice of appeal was timely filed on October 23, 2013.

## DISCUSSION

As the leading authority on California civil procedure makes clear: "The court may *not* shorten the 75-day notice period without the parties' consent. CCP §437c(a) gives the court power to shorten time on *other* summary judgment time requirements, but *not* on the 75-day notice of hearing." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶ 10:80:5, p. 10-34, citing *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112 (*McMahon*) and *Urshan, supra,* 120 Cal.App.4th 758.) That rule has been clear for more than 10 years.

In *McMahon*, a trial court had granted plaintiff's motion for trial preference because of age and health in an order setting the trial date and various other pretrial dates. (*McMahon*, *supra*, 106 Cal.App.4th at p. 114.) As part of that order the court ordered parties moving for summary judgment to give 21 days' notice instead of the 75 days required by section 437c, subdivision (a). (*Ibid.*) Plaintiffs, who had sought and obtained the preferential trial setting, filed a writ challenging the shortened period for summary judgment notices. (*Ibid.*)

The Court of Appeal framed the question this way: "Absent consent of the parties, does a trial court have authority to shorten the minimum notice period for the hearing of a summary judgment motion? We answer this question in the negative . . . ." (*McMahon, supra*, 106 Cal.App.4th at p. 114.) The court reasoned that the Legislature had expressly

---

[5] As noted above, no trial issues are presented on this appeal; nor could they be since the parties did not have the trial reported.

5

provided the courts with discretion to shorten two of the time periods in section 437c, subdivision (a)—the 60 days after the moving party's general appearance which must otherwise pass before a summary judgment motion may be filed and the requirement that the motion be heard 30 days before trial—but not the 75-day notice provision. It applied the " ' " ' "well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded." ' " ' " (*McMahon* at p. 115.) And it rejected arguments that trial courts have inherent authority to control their calendars in the face of an explicit statutory requirement, and that such legislation violates the principle of separation of powers. (*Id*. at pp. 116-117.)

*McMahon* was followed in *Urshan*, a collection case in which, in order to avoid a potentially unnecessary jury trial involving a pro per plaintiff, the court invited defendants to file a motion for summary judgment and set a 10-day briefing schedule for that motion. *McMahon* had not been decided at the time of those proceedings, but was available for Division Seven of the Second District to follow when Urshan's appeal arrived. And they did, holding that "only two days to prepare a summary judgment motion or an opposition is a woefully inadequate period of time to prepare and present what may well turn out to be the most important series of documents in the entire case. The Legislature recognized this reality of litigation and by its use of mandatory language deprived a trial court of the authority to shorten the notice period for hearing summary judgment motions." (*Urshan*, *supra*, 120 Cal.App.4th at p. 766.)

Sire cites and relies upon *Urshan* and *McMahon* here and did so with respect to *Urshan* in the trial court. Plaintiff responds that "[t]he Trial Court did not abuse its discretion in finding that Sire waived any objection to the summary adjudication hearing date."[6] She supports that argument by a recitation of the events in late October which

---

[6] The parties suggest that the appropriate standard of review on this issue is whether the trial court abused its discretion in approving a schedule for plaintiff's summary adjudication motion on less than 75 days' notice. They cite *Urshan, supra*, 120 Cal.App.4th at page 763. However, *McMahon* makes clear that the trial court lacks

6

lead up to the court's approval of plaintiff's "PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO PLACE MOTION ON FULL CALENDAR."  Plaintiff also relies upon *Karlsson, supra,* 140 Cal.App.4th 1202, and properly contrasts the extreme facts before the court in *Urshan* with those before us.  However, her reliance on *Karlsson* is misplaced.

The entire discussion of *Urshan* in *Karlsson*, upon which plaintiff relies, occurs in footnote 16.  (*Karlsson*, *supra*, 140 Cal.App.4th at pp. 1224-1225, fn. 16.)  *Karlsson* was a complicated product liability case in which a jury awarded $30 million in compensatory and punitive damages against Ford, based in part upon instructions directing liability as sanctions for Ford's failure to comply with appropriate discovery requests.  (*Id.* at pp. 1206-1207.)  The text accompanying footnote 16 makes clear that Ford had argued it had inadequate notice of a hearing set on two weeks' notice to give the parties an opportunity to address whether sanctions which had previously been imposed on Ford, or lesser sanctions, would be appropriate.  (*Id*. at pp. 1224-1225, fn. 16.)  The court held that Ford's "notice issue has not been preserved for appeal" because Ford had an adequate opportunity to prepare for the hearing, Ford did not object that it received improper notice and did not ask for a continuance but instead participated in the hearing on the merits.  (*Id.* at p. 1224.)  In that context, footnote 16 rejected Ford's reliance on *Urshan*.

Plaintiff relies on the sentence in *Karlsson* that "[c]ritical to the order reversing the summary judgment that was entered for the defendant [in *Urshan*] was the fact that any objection to the statutorily unauthorized shortened notice period would have been futile." (*Karlsson*, *supra*, 140 Cal.App.4th at p. 1225, fn. 16.)  We need not agree or disagree

---

discretion to approve a shortened notice period without the consent of the parties. *Urshan* simply says "we find dispositive Urshan's argument the trial court abused its discretion by shortening time to permit Musicians to file, and to hear, a motion for summary judgment." (*Urshan, supra*, 120 Cal.App.4th at p. 763.)  The *Urshan* court thus did not *decide* that the proper standard of review is abuse of discretion.  If the trial court in this case had found that Sire consented, as a factual matter, that finding would be binding if supported by substantial evidence.  But the court did not.  Rather, it found only that Sire did not object when the ex parte matter was brought.

with the *Karlsson* court's reading of *Urshan* in that respect. But while the facts before the court in *Urshan* were extreme, and quite different from those before us, the holding of *Urshan* that the Legislature has deprived the trial courts of authority to shorten the notice period required under section 437c, subdivision (a), is equally applicable here.[7] *Karlsson*, which was not a summary judgment case at all, in no way calls that holding into question.

Plaintiff cites *Urshan* for the proposition that repeated failure to assert any objection "equates to a knowing consent to the shortened notice period." Not so. What *Urshan* held on the very page cited is that "[w]aiver of minimum notice [for a summary judgment hearing] should only be based on the affirmative assent of the affected parties. As earlier noted, the court did not solicit, and did not secure, Urshan's consent to the shortened notice period. His silence and, in essence, forced participation in the proceedings given the factual circumstances of this case, is not a valid substitute for knowing consent to shortening the statutorily mandated notice period." (*Urshan, supra,* 120 Cal.App.4th at p. 768.)

As discussed above, the facts in *Urshan* are much more extreme than those before us. However, any suggestion that the notice required by the plain language of section 437c, subdivision (a), absent the actual consent required by *McMahon* and by *Urshan*, could, under any circumstances, be satisfied by a finding of "implied consent" is misguided, at least in this case, for several reasons. Initially, the trial court made no such finding. Rather, although plaintiff had argued implied consent in support of her motion, the court found only that there had been no objection to shortening time. The absence of an objection in November does not equate with the giving of affirmative consent to the ex parte order which was entered at plaintiff's request.

Further, plaintiff's email notification to Sire's counsel and the papers she filed with the court obscured the fact that the effect of her request for a hearing on an "already full calendar" would be to shorten the mandatory 75-day notice period. All of her papers

---

[7] Plaintiff makes no reference to, or attempt to distinguish, *McMahon*.

8

emphasized that an order was needed telling the clerk that it would be acceptable to overload an already full calendar. None mentioned that if granted, the court would be entering a de facto order shortening time. To the contrary, counsel for plaintiff expressly represented to Sire's counsel: "So, I'm asking the court to put Rider's motion on 1/9, along with defendant's motion. *I'm not seeking any shortening time of notice to your client. That's all.*"[8] (Emphasis added.) Moreover, as mentioned above, the law has been clear for at least 10 years that the 75-day notice period can be shortened only with consent of all parties. Yet counsel for plaintiff made no effort to seek or obtain the necessary consent.

Finally, by presenting the matter as she did, plaintiff's counsel deprived defense counsel and the court of the opportunity to craft a reasonable accommodation consistent with section 437c, subdivision (a). Had counsel been candid, Sire might have agreed to the January 9, 2013, hearing date so that both motions could be heard together. But plaintiff never asked. If not, plaintiff's counsel could have sought her order to place on an already full calendar for January 16 or January 23, 2013, dates which would have satisfied the 75-day notice requirement, and asked to have Sire's motion continued to the same date. These legitimate options for complying with section 437c, subdivision (a), and having the motions heard together were cut off. Hence this case presents no reason to recognize an implied consent exception to the 75-day notice requirement.

## CLOSING THOUGHTS

It is truly unfortunate that, after a jury has deliberated and reached a conclusion on this case it must be remanded for further proceedings. However, plaintiff's counsel has presented us with no authority excusing her for not obtaining Sire's consent to the hearing on her motion on shortened time or making other arrangements consistent with the notice requirement of section 437c, subdivision (a).

---

[8] Without question counsel for Sire could have been more diligent in calculating the amount of time available between October 31 and January 9. But a lack of diligence in this regard does not equate with a knowing waiver, much less affirmative consent to the shortened notice which resulted from service by mail on November 2.

Because the judgment must be reversed for this reason, we decline to review the merits of plaintiff's summary adjudication motion except to make clear that section 437c, subdivision (f)(1), permits summary adjudication motions as to causes of action and affirmative defenses.  It does not permit motions for "partial summary judgment" in which all elements of a cause of action are established except for damages.  We also note that Supreme Court review has been granted in the case upon which plaintiff and the trial court relied in rejecting Sire's "honest belief" defense. (*Richey v. AutoNation, Inc.* (2012) 149 Cal.Rptr.3d 280, review granted Feb. 13, 2013, S207536.)

## DISPOSITION

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.  Sire shall recover its costs on appeal.

_____
Brick, J.*

We concur:

_____
Kline, P.J.

_____
Richman, J.

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.