Filed 8/23/23  Joiner v. Neher CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| MATT G. JOINER, | C094447 |
| Plaintiff and Respondent, | (Super. Ct. No. 16CV00411) |
| v. | |
| TIMOTHY L. NEHER, | |
| Defendant and Appellant. | |

Code of Civil Procedure section 437c provides a motion for summary judgment must be served at least 75 days before the hearing thereon; this 75-day period is increased by two court days if the motion is served by overnight mail.  (Code Civ. Proc., § 437c, subd. (a)(2); undesignated statutory references are to the Code of Civil Procedure.)  When service is by mail, the motion must be "addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause."  (§ 1013, subds. (a) & (c).)  Service on the wrong address is ineffective and deprives the court of jurisdiction to rule on the motion.  (See *Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 509.)

1

Here, the trial court granted Plaintiff Matt G. Joiner's motion for summary judgment, even though the motion was first served on the wrong address, and was then re-served on the right address but without complying with section 437c's 75-day notice requirement. Defendant Timothy L. Neher appeals, arguing this was error. We agree, and thus reverse.

## BACKGROUND

Plaintiff sued defendant over an alleged oral partnership agreement gone bad. Plaintiff claimed he contributed over $112,000 towards the development of a piece of property in reliance on defendant's false representations that defendant would contribute two parcels of land and obtain a $500,000 loan for the development, and plaintiff and defendant would be equal partners and would share in the costs of development and the profits from the eventual sale of the property. In mid-2015, plaintiff became concerned that defendant had not contributed the land or obtained a loan to develop the property and may have misappropriated some of the money plaintiff had contributed. Plaintiff demanded that defendant perform as promised, and defendant thereafter ceased communications with plaintiff and refused to disclose any of the venture's books and records. Plaintiff filed a complaint against defendant on April 13, 2016, asserting causes of action for fraud, negligent misrepresentation, and money had and received, and seeking the return of his contribution and prejudgment interest.

On July 21, 2020, plaintiff filed a motion for summary judgment. A proof of service attached to the motion papers states they were served that same date by overnight mail addressed to defendant as follows: 702 Mangrove Ave., #248, Chico, CA 95926 (the Mangrove Avenue address). The hearing date was October 7, 2020—which is 78 days after the motion was served, and thus within section 437c's notice period (i.e., 75 days plus two court days).

On October 6, 2020, the day before the hearing, defendant filed a late opposition, claiming he had not received the motion papers because they were mailed to the wrong

2

address. Defendant stated he had filed a notice of change of address with the court and served it on plaintiff on August 21, 2019, identifying his new address as follows:  288 Lower Gulch Road, Oroville, CA 95965 (the Lower Gulch Road address).  Attached to the opposition was a notice of change of address form and proof of service stamped "filed" by the Butte County Superior Court on August 21, 2019; the proof of service stated the notice was mailed to "Griffith Horn & Sheehan LLP" (plaintiff's attorney of record).  Defendant stated he had not used the Mangrove Avenue address for over three years, and he had only recently learned of the motion for summary judgment from a third party.  He also stated he was currently hospitalized and would not be able to attend the hearing.  He asked the court to deny the motion because it was not properly served.  He did not address the merits.

A hearing on the motion was held on October 7, 2020.  Defendant did not appear, and the court stated it could not hear argument without him present.  The court continued the hearing to November 4, 2020.

On October 12, 2020, plaintiff re-served the original motion papers on defendant at the Lower Gulch Road address (i.e., at defendant's new address), and also served defendant with notice of the continued hearing date (i.e., November 4, 2020).  Service was by overnight mail.  Proofs of service were filed with the court and are part of the record.  Although not stated on the proofs of service, it appears undisputed the documents were served by FedEx, tracking No. 815369139991.[1]

On November 3, 2020, the day before the hearing, plaintiff filed a late reply disputing defendant's claim that he had filed and served a notice of change of address on August 21, 2019.  Plaintiff noted the court's records were not updated at that time to

---

[1]     Plaintiff's counsel submitted a declaration stating he served the motion papers on defendant by FedEx overnight mail and it was assigned tracking No. 815369139991, and both parties submitted evidence to the trial court about this particular FedEx package.

3

reflect the new address; the court continued to use the Mangrove Avenue address as late as June 2020; plaintiff's counsel had confirmed with the court in July 2020 that defendant's address of record was the Mangrove Avenue address; and the court's docket reflected the filed version of the notice was a " 'Copy, Unable to Locate Original Document.' " Plaintiff also noted the proof of service stated the notice was mailed to Griffith Horn & Sheehan, LLP, but that law firm did not come into existence until January 1, 2020, which was over four months after the notice was allegedly served (prior to that date, the law firm was called Griffith & Horn). Plaintiff also stated he had reviewed the entire case file and was unable to locate the notice. Plaintiff thus asked the court to strike the notice of change of address; to find the motion for summary judgment was properly and timely served; and to rule on the merits of the motion. Alternatively, plaintiff asked the court to continue the hearing on the motion to January 6, 2021, which would be 86 days from the date he had re-served the motion papers on defendant at the Lower Gulch Road address, and thus within the time provided by section 437c.

That same day, the court posted the following tentative ruling: " 'Defendant's Notice of Change of Address attached to his opposition to [the] motion for summary judgment shows a filed-stamped date of August 21, 2019, with proof of service on the Plaintiff. Unfortunately, this document was not properly filed electronically by the clerk. Plaintiff's motion for summary judgment is denied without prejudice for failure to provide proper notice to the Defendant pursuant to Code of Civil Procedure section 437c, subdivision (a)(2).' " The record does not show whether the court had received plaintiff's late reply by the time it posted the tentative ruling.

Plaintiff's counsel requested oral argument and appeared at the November 4, 2020, hearing. Defendant was not present, and plaintiff's counsel stated he had notified defendant of his intent to appear and contest the tentative ruling (as discussed below, defendant disputes this). Following the hearing, the court issued a minute order stating it had "reconsider[ed]" the tentative ruling, and it continued the hearing on the motion for

4

summary judgment to January 6, 2021. That same day, plaintiff served defendant by regular mail with notice of the continued hearing.

On January 4, 2021, defendant filed a declaration stating he had checked the court's tentative ruling on November 3, 2020, had received no notification from plaintiff's counsel that he was requesting oral argument, and had thus assumed the tentative ruling had been adopted and the motion denied for failure to provide proper notice.[2] He stated he did not receive notice the hearing on the motion had been continued until December 30, 2020, which did not give him enough time to prepare a substantive response. He also stated he had been under quarantine due to COVID-19 and an upcoming surgery, and he did not have phone or Internet service where he lived. He asked that the motion be continued to March 2021 so that he would have time to file a substantive opposition.

The next day, defendant filed another declaration providing additional information about his failure to receive notice that plaintiff had requested oral argument on the tentative ruling. In particular, he attached phone records that purported to show all his incoming and outgoing calls on November 3, 2020, which showed no incoming calls from plaintiff's counsel. He asked the court to either dismiss the motion based on lack of service, or continue the hearing.

On January 5, 2021, the court posted a tentative ruling that stated: " 'The Court will hear from the litigants as to service of the Notice of the Motion. In the event the Court finds that service is proper, the Court intends to rule as follows: . . . . Plaintiff's Motion for Summary Adjudication on the first cause of action (fraud) is granted [See

_____

[2] The Butte County Superior Court follows the tentative ruling procedure described in rule 3.1308(a)(1) of the California Rules of Court, which provides the tentative ruling will become the ruling of the court unless a party has notified the court and all other parties by 4:00 p.m. on the day before the hearing of its intent to appear. (See Super. Ct. Butte County, Local Rules, rule 2.9.)

5

UMF Nos. 2-8, 12-16, and 19-21]. However, the Court denies Plaintiff's request for punitive damages . . . . Plaintiff's Motion for Summary Adjudication on the second cause of action (negligent misrepresentation) is granted [See UMF Nos. 2-8, 12-16, 19-21, and 23-24]. Plaintiff's Motion for Summary Adjudication on the fourth cause of action (money had and received/money lent) is granted [See UMF Nos. 2-8, 12-16, 19-21, 23-24, and 26-28]. Therefore, Judgment shall be entered for Plaintiff and against Defendant on the first, second and fourth causes of action, and Plaintiff shall be awarded damages in the amount of $123,371.98, plus prejudgment interest on the damages, plus costs in an amount to be determined.' "

Plaintiff's counsel and defendant were both present at the January 6, 2021, hearing. Defendant stated he had filed for bankruptcy the day before, which would have stayed the case and thus the motion for summary judgment. (See 11 U.S.C. § 362(a)(1).) The court stated defendant needed to file verification that he had filed for bankruptcy, and it continued the matter to January 20, 2021, to allow him to do so. If he failed to do so, the court stated it intended to adopt the tentative ruling.

Defendant did not file verification he had filed for bankruptcy. Instead, on January 19, 2021, he filed a substantive opposition to the motion for summary judgment. In addition to addressing the merits of the motion, defendant stated he was never served with the motion, he "got a copy from the court on January 4, 2021," and he was filing the opposition as quickly as he could.

At the January 20, 2021, hearing, the court stated it would not consider defendant's opposition because it was untimely, and at the conclusion of the hearing, it took the matter under submission.

On February 8, 2021, the court issued a written order granting the motion for summary judgment as stated in the January 5 tentative ruling, and awarding plaintiff $123,371.98 in damages plus prejudgment interest. Judgment was entered on

February 19, 2021, and plaintiff served defendant with notice of entry of judgment on February 23, 2021.

Thereafter, defendant filed two separate but similar motions to vacate the judgment on the ground that it was void because the motion for summary judgment was never properly served. The trial court denied both motions and defendant timely appealed only the judgment and does not appeal the orders denying the motions to vacate.

## DISCUSSION

Defendant argues it was error to grant the motion for summary judgment because the motion was not properly served and the hearing was not properly noticed. We agree.

*The First Attempt at Service—July 21, 2020*

The motion was first served on July 21, 2020, and was addressed to the Mangrove Avenue address. The first service was ineffective, because defendant had filed a notice of change of address on August 21, 2019, identifying the Lower Gulch Road address as his new address. This notice of change of address is part of the record on appeal, and it clearly shows a file stamp dated August 21, 2019. The motion was thus not mailed to the "address as last given by [defendant] on any document filed in the cause," as required by section 1013. "Successful service by mail requires strict compliance with all statutory requirements, including those set forth in section 1013; the failure to comply deprives a court of jurisdiction to act." (*Lee v. Placer Title Co., supra*, 28 Cal.App.4th at p. 509.) Because plaintiff failed to comply with all statutory requirements regarding service by mail, service was ineffective, and the court had no jurisdiction to rule on the motion as originally served.

Plaintiff disagrees, and argues the first service was effective. He contends defendant did not actually file a notice of change of address with the court on August 21, 2019, and the document that is part of the record on appeal was forged. He also suggests the trial court was not fooled by defendant's forgery, and that it did not actually find or

7

accept that defendant filed a notice of change of address on August 21, 2019.  The record does not support plaintiff's argument.

In its November 3, 2020, tentative ruling denying the motion for summary judgment without prejudice, the trial court stated " 'Defendant's Notice of Change of Address . . . shows a filed-stamped date of August 21, 2019 . . . .  Unfortunately, this document was not properly filed electronically by the clerk.' "  Plaintiff notes the trial court did not adopt the tentative ruling, and instead issued a minute order on November 4, 2020, continuing the hearing on the motion to January 6, 2021.  Plaintiff also notes the minute order did not contain the tentative ruling's language about the notice of change of address not being properly filed by the clerk, and instead states, "The clerk is directed to update [defendant's] address on file to 288 Lower Gulch Road, Oroville, CA 95965 as set forth by [defendant] in his Opposition filed October 6, 2020."  According to plaintiff, "This change shows that while it may have opted not to broach the issue of [defendant's] fraud on the court, the Trial Court did not accept that the Notice of Change of Address was ever served and filed."

Plaintiff reads far too much into the minute order.  If the trial court had found the notice of change of address was not actually filed on August 21, 2019, and the document was forged, we would have expected a statement to that effect, but there is none, and we will not read such a statement into the trial court's direction to the clerk to update defendant's address.  Moreover, the record provided to us reflects that in its ruling denying defendant's second motion to vacate the judgment, which was issued over six months later in June 2021, the trial court discussed the procedural history in some detail and reiterated, "There was an issue with a change of address form *that was not properly filed by the clerk*."  (Italics added.)  Again, if the trial court had found the notice of change of address was forged (as plaintiff suggests), we would expect a statement to that effect rather than a reiteration that the change of address form was not properly filed by the clerk.

8

That means the first attempt to serve the motion for summary judgment was ineffective, and, as noted above, ineffective service "deprives a court of jurisdiction to act." (*Lee v. Placer Title Co., supra*, 28 Cal.App.4th at p. 509.)

*The Second Service—October 12, 2020*

That leaves the second attempt at service—on October 12, 2020, by FedEx, to the Lower Gulch Road address. Plaintiff never discusses the second attempt at service, and defendant argues it was ineffective because, as he attempted to demonstrate in his two motions to vacate the judgment, he never received the package. We need not address defendant's claims about receipt, however, because we agree with defendant that regardless of receipt, the second attempt at service also failed to provide adequate notice of the hearing, as required by section 437c.

Plaintiff re-served the original motion papers on October 12, 2020, by overnight mail, to the Lower Gulch Road address. The original motion papers, however, indicated an October 7, 2020, hearing date—i.e., a hearing date that had already passed. Along with the original motion papers, plaintiff also served defendant with a notice that the trial court had continued the hearing to November 4, 2020 (also by overnight mail, to the Lower Gulch Road address). November 4, however, was only 23 days after the motion was re-served. Thus, by re-serving the original motion papers along with notice the hearing had been continued to November 4, plaintiff failed to comply with section 437c's requirement that "[n]otice of the motion and supporting papers shall be served . . . at least 75 days before the time appointed for hearing." (§ 437c, subd. (a)(2).)

"The purpose of the 75-day service requirement is to allow the parties time to prepare their opposition . . . and to prepare for the hearing." (*Lackner v. North* (2006) 135 Cal.App.4th 1188, 1208.) "The importance of providing the minimum statutory notice of a summary judgment hearing cannot be overemphasized." (*Robinson v. Woods* (2008) 168 Cal.App.4th 1258, 1262.) "Because it is potentially case dispositive and usually requires considerable time and effort to prepare, a summary judgment motion is

9

perhaps the most important pretrial motion in a civil case. Therefore, the Legislature was entitled to conclude that parties should be afforded a minimum notice period for the hearing of summary judgment motions so that they have sufficient time to assembly the relevant evidence and prepare an adequate opposition." (*Ibid*.) Trial courts do not have authority to shorten the minimum notice period without the parties' consent. (*Ibid*.; accord *Urshan v. Musicians' Credit Union* (2004) 120 Cal.App.4th 758, 760; *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112, 117-118.) An opposition to a motion for summary judgment must be filed no later than 14 days before the hearing. (§ 437c, subd. (b)(2).) That means section 437c gives the opposing party at least 61 days to prepare and file an opposition. Here, however, the combined effect of plaintiff re-serving the motion on October 12 along with notice the hearing had been continued to November 4 was to give defendant only nine days to prepare and file an opposition (i.e., because the opposition would have been due by October 21), which fails to comply with section 437c.

Moreover, although the November 4 hearing was thereafter continued by the trial court (first to January 6 and then to January 20, 2021), the trial court could not cure the inadequate notice given on October 12 by continuing the hearing for some number of days less than 75. Instead, the full 75-day notice period had to begin anew. *Robinson v. Woods, supra*, 168 Cal.App.4th 1258, illustrates this point. There, the defendant served a motion for summary judgment by mail on January 26, 2007, and noticed the hearing for April 12, 2007—76 days after the motion was mailed. Because service by mail extends the 75-day notice period by five days, the motion was untimely because it was not served at least 80 days before the hearing, and the plaintiff opposed the motion on that ground. At the April 12 hearing on the motion, the trial court continued the hearing for four days, to the 80th day after the mailing of the motion, and thereafter granted the motion. (*Id.* at pp. 1260-1267.) The appellate court reversed, concluding "the trial court abused its discretion by continuing the noticed hearing for only four days instead of the 75-day statutorily required period." (*Id.* at p. 1260.) It held "the 76-day notice given by

10

defendants on the mailed motion was invalid.  Thus, at the noticed hearing on April 12, 2007, the trial court had no authority to continue the hearing a mere four days.  *At that point, the notice period had to begin anew, and 75 days is mandatory where notice is given personally*."  (*Id*. at pp. 1267-1268, italics added.)

So, too, in this case.  The notice given on October 12 was invalid because it identified a November 4 hearing date, which was only 23 days after the motion was served.  As in *Robinson*, the court could not then cure the notice defect at the November 4 hearing by continuing the hearing to a date that was 75 days plus two court days past October 12, and the full 75-day notice period had to instead begin anew.  Arguably, at the November 4 hearing the trial court could have continued the hearing for 75 days, to January 18, 2021, which would have provided defendant with sufficient notice (provided the motion papers and notice of the hearing were personally served on that date).  But that is not what happened.  Instead, the trial court continued the hearing to January 6, 2021, which is less than the full 75-day notice period (it is 63 days after November 4, 2020).  At the January 6 hearing, the trial court continued the hearing once again, this time to January 20, 2021, but by that time, it was too late to retroactively cure the notice defect.  Thus the court erred by granting the motion.

As for plaintiff's argument that any error in granting the motion was harmless, we disagree.  "It has been said that the erroneous granting of a summary judgment motion 'lies outside the curative provisions' of the harmless error provision of the California Constitution because such an error denies a party of its right to a jury trial."  (*Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 947.)  Thus, only "purely technical errors in granting summary judgment can be found harmless."  (*Ibid*.)  Given the "importance of providing the minimum statutory notice of a summary judgment hearing," (*Robinson v. Woods, supra*, 168 Cal.App.4th at p. 1262), we find that ruling on a motion that failed to provide such notice is not a purely technical error, and is thus not harmless.

11

## DISPOSITION

The judgment is reversed.  Defendant is entitled to recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
_____
EARL, P. J.

We concur:

/s/
_____
DUARTE, J.

/s/
_____
HORST, J.*

---

\*  Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.